(March 15, 2011)

■ MARLA ADLER et al., Appellants, v 20/20 COMPANIES et al., Defendants, and TRG CUSTOMER SOLUTIONS, Respondent. [918 NYS2d 583]—

The plaintiffs alleged that while they were jointly employed by the defendant 20/20 Companies (hereinafter 20/20), and the defendants Verizon Communications, Inc., and Verizon Services Corp. (hereinafter together Verizon) as salespersons for Verizon's FiOS services, they made complaints to 20/20 and Verizon regarding alleged violations of the Labor Law, and were terminated from their employment in retaliation. They further alleged that they were "black-listed" by Verizon, causing them to be denied employment by the defendant TRG Customer Solutions (hereinafter TRG), another entity which employed salespersons to sell FiOS services. The amended complaint sought to hold TRG liable for violation of Labor Law § 215, which, insofar as relevant, provides:

"1. No employer or his agent, or the officer or agent of any corporation, shall discharge, penalize, or in any other manner discriminate against any employee because such employee has

made a complaint to his employer . . . that the employer has violated any provision of this chapter . . .

"2. An employee may bring a civil action in a court of competent jurisdiction against any employer or persons alleged to have violated the provisions of this section."

TRG moved, inter alia, pursuant to CPLR 3211 (a) (1) and (7) to dismiss the amended complaint insofar as asserted against it on the ground that it had never employed the plaintiffs in any capacity. The plaintiffs opposed the motion, and the Supreme Court, among other things, granted that branch of the motion which was to dismiss the amended complaint insofar as asserted against TRG. We affirm the order insofar as appealed from.

Contrary to the plaintiffs' contention, the text of Labor Law § 215 does not reveal a clear intent to authorize a claim against a prospective employer for a retaliatory failure to hire (compare 42 USC § 2000e-3 [a]; Nielsen v New York City Commn. on Human Rights, 1998 WL 20004, *7-12, 1998 US Dist LEXIS 413, *21-34 [SD NY 1998]). Indeed, neither the plain language of the statute nor its legislative history, as revealed by the 1967 bill jacket (L 1967, ch 281) accompanying its enactment and the 1986 bill jacket (L 1986, ch 744) accompanying its amendment, contemplates an action by a job applicant against a prospective employer for retaliation based on the applicant's complaints regarding a former employer. Rather, the clear intention was to provide a cause of action against current and former employers for discriminatory or retaliatory acts (see e.g. Liverpool v Con-Way, Inc., 2010 WL 4791697, *7-9, 2010 US Dist LEXIS 122419, *27-33 [ED NY 2010]; Higueros v New York State Catholic Health Plan, Inc., 526 F Supp 2d 342, 347 [2007]).

Additionally, we reject the plaintiffs' alternative contention that TRG is subject to liability under Labor Law § 215 as Verizon's agent. The Supreme Court properly determined that TRG conclusively demonstrated, through the submission of documentary evidence (see Leon v Martinez, 84 NY2d 83, 88 [1994]), that it did not act as Verizon's "[a]gent" as that term is defined in Labor Law § 2 (8-a).

The plaintiffs' remaining contentions are without merit. Mastro, J.P., Chambers, Lott and Cohen, JJ., concur.