■ In the Matter of SHAZZI T., Appellant, v ERNEST G., Respondent. [24 NYS3d 12]—

Order, Family Court, Bronx County (Myrna Martinez-Perez, J.), entered on or about March 17, 2011, which denied petitioner's motion for an adjournment to amend a family offense petition and settled the matter over objection by entering a final six month order of protection, unanimously reversed, on the law and the facts, without costs, the motion granted, and the matter remanded for further proceedings.

The Family Court improvidently exercised its discretion by denying petitioner's request for a short adjournment so that she could amend the family offense petition and newly appointed counsel could familiarize herself with the case. Leave to amend should be freely granted so long as the amendment is not plainly lacking in merit and there is no significant prejudice to the nonmoving party (see Edenwald Contr. Co. v City of New York, 60 NY2d 957 [1983]; Lambert v Williams, 218 AD2d 618, 621 [1st Dept 1995]).

Here, at her third appearance before the court, petitioner ap-

peared with counsel for the first time, having only been informed of her right to appointed counsel at the prior proceeding. Despite having earlier indicated its willingness to allow an amendment if petitioner obtained counsel, the court perfunctorily denied petitioner's request for a brief adjournment in order to amend the petition, and proceeded directly to assessing whether the matter could be disposed of without a fact finding hearing. In so doing, the court noted that respondent was paying his retained counsel's fee. Under the circumstances, where there is no indication of an attempt to unduly prolong the proceedings, a party's payment for counsel's representation is not the type of significant prejudice which will warrant the denial of an otherwise sufficient motion for leave to amend.

Also, the Family Court improperly exercised its discretion when, over petitioner's objection and without first conducting a fact-finding hearing, it abruptly settled the matter sua sponte by extending the existing permanent order of protection for only six months. Under the circumstances, "[t]he petitioner should have been given the opportunity to prove the alleged family offenses and aggravating circumstances which, if established, would have entitled her to a three-year order of protection" (*Matter of Alfeo v Alfeo*, 306 AD2d 471, 471 [2d Dept 2003]; *see Matter of Eames v Eames*, 147 AD2d 696, 697 [2d Dept 1989]). Concur—Friedman, J.P., Sweeny, Saxe and Moskowitz, JJ.