■ Douglas H. Wigdor, Appellant-Respondent, v Soul-Cycle, LLC, Respondent-Appellant, and Julie Rice et al., Respondents. [33 NYS3d 30]—

Order, Supreme Court, New York County (Donna M. Mills, J.), entered April 14, 2015, which, to the extent appealed from, granted defendants' motion to dismiss plaintiff's claims for retaliation under Labor Law § 215 and the California Labor Code and for prima facie tort, and denied the motion as to plaintiff's claim for breach of the obligation of good faith and fair dealing as against defendant SoulCycle, LLC, unanimously modified, on the law, to grant dismissal of the claim for breach of the obligation of good faith and fair dealing as against defendant SoulCycle, LLC, and otherwise affirmed, without costs. The Clerk is directed to enter judgment dismissing the complaint.

Labor Law § 215 (1) (a), which prohibits an "employer" from retaliating against an "employee" for engaging in protected activities, was clearly intended to provide employees with a cause of action against their current and former employers (*see* McKinney's Cons Laws of NY, Book 1, Statutes § 76; *Adler v 20/20 Cos.*, 82 AD3d 914, 915 [2d Dept 2011]; *Bojaj v Moro Food Corp.*, 2014 WL 6055771, *4, 2014 US Dist LEXIS 159974, *10 [SD NY, Nov. 13, 2014, No. 13 Civ 9202]). Accordingly, plaintiff, an attorney who filed an action against SoulCycle, LLC and other entities, on behalf of a client, alleging, inter alia, wage violations of New York and California labor laws, lacks standing to bring a Labor Law § 215 against defendants, who never employed him. Plaintiff's retaliation claim under the California Labor Code fails for the same reason (*see* Cal Lab Code §§ 98.6, 1102.5).

Plaintiff's cause of action for prima facie tort was properly dismissed, as he failed to plead that "disinterested malevolence" was defendants' sole motive in banning him from SoulCycle facilities (*see Burns Jackson Miller Summit & Spitzer v Lindner*, 59 NY2d 314, 332-333 [1983]; *Curiano v Suozzi*, 63 NY2d 113, 117 [1984]). Plaintiff's allegations that defendants also implemented the ban to discourage other attorneys from representing clients with claims against SoulCycle and deter SoulCycle's employees and former employees from objecting to unlawful activity, are fatal to this cause of action (*see Princes Point, LLC v AKRF Eng'g, P.C.*, 94 AD3d 588, 589 [1st Dept 2012]; *Bainton v Baran*, 287 AD2d 317, 318 [1st Dept 2001]). This claim also fails because plaintiff has not pleaded "special damages" (*see Burns Jackson*, 59 NY2d at 332; *Freihofer v Hearst Corp.*, 65 NY2d 135, 142-143 [1985]; *Broadway & 67th St. Corp. v City of New York*, 100 AD2d 478, 486 [1st Dept 1984]). While defects in pleadings can be remedied via an affidavit of one with personal knowledge (*see Rovello v Orofino Realty Co.*, 40 NY2d 633, 635 [1976]; *Ashwood Capital, Inc. v OTG Mgt., Inc.*, 99 AD3d 1, 10 [1st Dept 2012]), plaintiff did not submit an affidavit in opposition to the motion. In any event, plaintiff's proposed amendment to the complaint, which would include claims for a $4 refund and $60 for SoulCycle clothing that he purchased, would not cure the claim's deficiencies. SoulCycle established, via admissible evidence, that plaintiff received a full refund for the unused classes from his SoulCycle class package, and plaintiff has not identified any bar to his wearing of SoulCycle clothing outside of SoulCycle's premises.

Finally, we find that plaintiff's claim for breach of the obligation of good faith and fair dealing should have been dismissed as against SoulCycle. Even if there is a contractual relationship, plaintiff has failed to plead facts and circumstances constituting a breach.

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Sweeny, J.P., Saxe, Moskowitz, Gische and Webber, JJ.