■ In the Matter of DEIRDRE M. PRICE, Appellant, v HOWARD JENKINS, Respondent. [52 NYS3d 456]—

Appeals by the mother from (1) an order of the Family Court, Nassau County (Thomas A. Rademaker, J.), dated July 13, 2015, and (2) an order of that court dated August 12, 2015. The order dated July 13, 2015, in effect, denied the mother's application for leave to amend her family offense petition against the father and dismissed the petition, without a hearing. The order dated August 12, 2015, dismissed, without a hearing, the same family offense petition against the father, based upon the mother's alleged withdrawal of the petition.

Ordered that the order dated August 12, 2015, is reversed, on the facts, without costs or disbursements; and it is further,

Ordered that order dated July 13, 2015, is reversed, on the law, without costs or disbursements, the petition is reinstated, the application for leave to amend the petition is granted, and the matter is remitted to the Family Court, Nassau County, for further proceedings consistent herewith, before a different Judge.

The order dated August 12, 2015, dismissed the mother's family offense petition based upon the mother's alleged subsequent withdrawal of that petition. However, there is no indication in the record that the mother had agreed to withdraw the petition, which had already been dismissed by a July 13, 2015 order.

The Family Court improvidently exercised its discretion by, in effect, denying the mother's application for leave to amend the family offense petition, and, consequently, in dismissing the petition without a hearing. Leave to amend a family offense petition "should be freely granted so long as the amendment is not plainly lacking in merit and there is no significant prejudice to the nonmoving party" (*Matter of Shazzi T. v Ernest G.*, 135 AD3d 410, 410 [2016]; *see* CPLR 3025; Family Ct Act § 165 [a]; *Vidal v Claremont 99 Wall, LLC*, 124 AD3d 767, 767-768 [2015]; *Lucido v Mancuso*, 49 AD3d 220 [2008]). Here, the petition, filed pro se, alleged that the father called the mother repeatedly and left messages threatening, among other things, to have her arrested after the parties' child left the father's home. The mother, through counsel, requested leave to amend the petition "to provide some specificity," including as to the dates and times of the alleged acts. That amendment was not palpably insufficient or patently devoid of merit. Further, contrary to the Family Court's determination, the petition, if amended to include sufficiently specific information, would sufficiently allege that the father committed acts which, if proved, constitute the family offense of harassment in the second degree (*see* Family Ct Act § 812 [1]; Penal Law § 240.26 [3]; *Matter of Frimer v Frimer*, 143 AD3d 895, 896 [2016]; *Matter of Jacobs v Jacobs*, 138 AD3d 742, 743 [2016]; *Matter of Christina Z. v Bishme AA.*, 132 AD3d 1102 [2015]; *Matter of Pamela N. v Neil N.*, 93 AD3d 1107 [2012]; *see also Matter of Little v Renz*, 90 AD3d 757 [2011]). Moreover, there is no evidence of prejudice to the father (*see Matter of Shazzi T. v Ernest G.*, 135 AD3d at 410; *Lucido v Mancuso*, 49 AD3d 220 [2008]).

Accordingly, the application for leave to amend the petition should have been granted, and therefore, we remit the matter

to the Family Court, Nassau County, for further proceedings on the petition. In light of certain remarks made by the Family Court Judge, we deem it appropriate that the matter be heard and determined by a different Judge. Mastro, J.P., Sgroi, LaSalle and Connolly, JJ., concur.