Iken v Bohemian Brethren Presbyt. Church (2018 NY Slip Op 04830)





Iken v Bohemian Brethren Presbyt. Church


2018 NY Slip Op 04830


Decided on June 28, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 28, 2018

Acosta, P.J., Sweeny, Webber, Kahn, Oing, JJ.


6999 654614/17

[*1]Monica Iken, et al., Plaintiffs-Appellants-Respondents,
v
Bohemian Brethren Presbyterian Church, Defendant-Respondent-Appellant.


Law Offices of Jonathan E. Neuman, Fresh Meadows (Jonathan E. Neuman of counsel), for appellants-respondents.
McLaughlin & Stern, LLP, New York (Chester R. Ostrowski of counsel), for respondent-appellant.



Order, Supreme Court, New York County (Eileen Bransten, J.), entered January 12, 2018, which granted defendant's motion to dismiss the first cause of action for breach of the lease, except for the portion related to plaintiffs' right of quiet enjoyment of the property, and the second cause of action for fraudulent inducement, both with prejudice, and the third cause of action for prima facie tort without prejudice, unanimously modified, on the law, to reinstate the breach claim as set forth herein, reinstate the fraudulent inducement claim as set forth herein, and to dismiss the breach claim with respect to plaintiffs' right of quiet enjoyment without prejudice, and otherwise affirmed, without costs.
Plaintiff Monica Iken and the preschool that she owns, Ordinary Faces LLC, brought this action against the landlord defendant Bohemian Brethren Presbyterian Church, alleging breach of the lease, fraudulent inducement for entering into the lease, and prima facie tort.
Regarding the breach of lease claim, plaintiffs alleged that defendant refused to address building code violations preventing them from obtaining a Letter of No Objection and in turn running the preschool, that defendant failed to install a proper fire alarm system, and that defendant violated plaintiffs' right of quiet enjoyment of the property.
With respect to the building code violations, the complaint does not specify whether repairs, as opposed to payment of a penalty or filing paperwork, were required to cure. As such, article 6 of the lease which states that defendant is not responsible for making any repairs cannot be used to defeat a motion to dismiss. Moreover, article 14 states that plaintiffs were taking the leased premises "as-is." However, article 18 explicitly states defendant would "reasonably cooperate" with plaintiffs in obtaining approvals from the NYC Department of Buildings. As this is a motion to dismiss, plaintiffs are accorded the benefit of every favorable inference, and the documentary evidence does not conclusively demonstrate that defendant did not have an obligation to cure the building code violations.
Moreover, plaintiffs properly pled that defendant failed to take any steps to install a proper fire alarm system in violation of the rider to the lease, even though plaintiff Monica Iken was able to secure a donated system.
With respect to the right to quiet enjoyment of the property, plaintiffs have not alleged that they were actually evicted or that they abandoned the premises (Jackson v Westminister House Owners Inc., 24 AD3d 249, 250 [1st Dept 2005], lv denied 7 NY3d 704 [2006]; see also Board of Mgrs. of the Saratoga Condominium v Shuminer, 148 AD3d 609, 611 [1st Dept 2017]), and therefore, this branch of the breach of contract claim should have been dismissed.
Plaintiffs alleged six different bases for the fraudulent inducement claim. The alleged misrepresentations regarding assistance operating the preschool, the working fire alarm, and use of the stroller area, area near the kitchen, and upstairs gym, are all " directly related to a specific provision of the contract,'" not collateral to the lease, and cannot be used to sustain a fraudulent [*2]inducement claim (Orix Credit Alliance, Inc. v Hable Co., 256 AD2d 114, 115 [1st Dept 1998]; see also Wyle Inc. v ITT Corp., 130 AD3d 438, 446 [1st Dept 2015]). Plaintiffs properly pled a fraudulent inducement claim with respect to defendants materially misrepresenting that a 2004 letter of no objection was all plaintiffs would need, failing to disclose to plaintiffs that defendant intended to remove oversight over homeless individuals on the property, and fraudulently misrepresenting that homeless individuals were living on the property legally, when they were doing so illegally (see Wyle, 130 AD3d at 438-439). Plaintiffs properly pled that, as a result of these statements, which plaintiffs allege were made with the intention to deceive them, they signed the lease and developed the property (id.; White v Davidson, 150 AD3d 610, 611 [1st Dept 2017]).
Supreme Court properly dismissed the prima facie tort claim as it pled dual motives when making allegations regarding this claim (i.e., that defendant was seeking to take revenge on plaintiffs and that defendant was attempting to force plaintiffs out so it could re-let the premises at a higher rental rate) (see
Wigdor v SoulCycle, LLC, 139 AD3d 613, 614 [1st Dept 2016], lv denied 28 NY3d 906 [2016]; AREP Fifty-Seventh, LLC v PMGP Assoc., L.P., 115 AD3d 402, 403 [1st Dept 2014][same]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 28, 2018
CLERK