Matter of Faty v Diagne (2020 NY Slip Op 08061)





Matter of Faty v Diagne


2020 NY Slip Op 08061


Decided on December 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
PAUL WOOTEN, JJ.


2020-01604
 (Docket No. O-1275-19)

[*1]In the Matter of Adama Faty, appellant,
v
Baba Diagne, respondent.


Kyle Sosebee, Brooklyn, NY, for appellant.
Heath J. Goldstein, Jamaica, NY, for respondent.



DECISION & ORDER
In a family offense proceeding pursuant to Family Court Act article 8, the petitioner appeals from an order of the Family Court, Queens County (Emily Ruben, J.), dated January 16, 2020. The order, after a hearing, in effect, denied the petition and dismissed the proceeding.
ORDERED that the order is affirmed, without costs or disbursements.
On January 9, 2019, the petitioner filed a family offense petition seeking an order of protection against the respondent, alleging that he had committed, inter alia, the family offense of harassment in the second degree. After a hearing, the Family Court determined that the petitioner failed to establish by a preponderance of evidence that the respondent committed a family offense against the petitioner, and, in effect, denied the petition and dismissed the proceeding. The petitioner appeals.
"In a family offense proceeding, the petitioner has the burden of establishing the offense by a fair preponderance of the evidence" (Matter of Harris v Harris-Olayinka, 181 AD3d 605, 605, see Family Ct Act § 832). "The Family Court's determination regarding the credibility of witnesses is entitled to great weight on appeal and will not be disturbed if supported by the record" (Matter of Rall v Phillips, 177 AD3d 641, 642).
Contrary to the petitioner's contention, the Family Court properly credited the respondent's testimony over that of the petitioner and determined that the evidence proffered in support of the petition was insufficient to establish that the respondent committed the family offense of harassment in the second degree (see Matter of Harris v Harris-Olayinka, 181 AD3d 605; Matter of Buskey v Buskey, 133 AD3d 655). Accordingly, we agree with the Family Court's determination, in effect, to deny the petition and dismiss the proceeding.
MASTRO, J.P., BARROS, CONNOLLY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court