Matter of Arias v Castellanos (2021 NY Slip Op 08180)





Matter of Arias v Castellanos


2021 NY Slip Op 08180


Decided on February 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2019-11878
 (Docket No. O-187-18)

[*1]In the Matter of Alba A. Arias, appellant,
v
Eddie David Castellanos, respondent.


Linda C. Baunsberg, Staten Island, NY, for appellant.
Carol Kahn, New York, NY, for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, the petitioner appeals from an order of the Family Court, Kings County (Jamila Cha-Jua-Lee, Ct. Atty. Ref.), dated September 17, 2019. The order, after a hearing, denied the family offense petition and dismissed the proceeding.
ORDERED that the order is affirmed, without costs or disbursements.
In January 2018, the petitioner commenced this family offense proceeding seeking an order of protection against the respondent, her husband. After a hearing, the Family Court denied the petition and dismissed the proceeding. The petitioner appeals.
In a family offense proceeding, the petitioner has the burden of establishing the offense by a fair preponderance of the evidence (see Family Ct Act § 832; Matter of Harris v Harris-Olayinka, 181 AD3d 605; Matter of Johnson v Rivers, 165 AD3d 931). "The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court, and its determinations regarding the credibility of witnesses are entitled to great weight on appeal, such that they will not be disturbed unless clearly unsupported by the record" (Matter of Gjelaj v Gjelaj, 168 AD3d 937, 938; see Matter of Rall v Phillips, 177 AD3d 641, 642; Matter of Buskey v Buskey, 133 AD3d 655, 656).
Here, the Family Court was presented with conflicting testimony from the parties as to whether the respondent had committed a family offense. The court's determination that the petitioner failed to establish a family offense was based on its credibility assessments and is supported by the record (see Matter of Harris v Harris-Olayinka, 181 AD3d 605; Matter of Johnson v Rivers, 165 AD3d at 932). Accordingly, there is no basis to disturb the court's determination denying the petition and dismissing the proceeding.
The petitioner's remaining contentions are without merit.
MASTRO, A.P.J., HINDS-RADIX, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court