Matter of Hirsch v Kairey (2021 NY Slip Op 03181)





Matter of Hirsch v Kairey


2021 NY Slip Op 03181


Decided on May 19, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
REINALDO E. RIVERA
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY, JJ.


2019-10154
 (Docket No. O-15230-18)

[*1]In the Matter of Elliot M. Hirsch, appellant,
v
Isaac Kairey, respondent.


Amy J. Barrett, New York, NY, for appellant.
Ezra C. Levy, Brooklyn, NY, for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, the petitioner appeals from an order of the Family Court, Kings County (Nisha Menon, Ct. Atty. Ref.), dated August 22, 2019. The order, after a hearing, in effect, denied the family offense petition, vacated a temporary order of protection, and dismissed the proceeding with prejudice.
ORDERED that the order is affirmed, without costs or disbursements.
On June 12, 2018, the petitioner filed a family offense petition seeking an order of protection against his father-in-law (hereinafter the respondent). The petitioner alleged that the respondent had committed, inter alia, the family offense of harassment in the second degree. The Family Court issued an ex parte temporary order of protection in favor of the petitioner and against the respondent and set the matter down for a hearing. After the hearing, the court determined that the petitioner was not credible and the respondent was credible and that the petitioner failed to establish by a preponderance of the evidence that the respondent committed a family offense against the petitioner. Thus, the court, in effect, denied the petition, vacated the temporary order of protection, and dismissed the proceeding with prejudice. The petitioner appeals. We affirm.
The petitioner has the burden of establishing a family offense by a fair preponderance of the evidence (see Family Ct Act § 832; Matter of Arias v Castellanos, 191 AD3d 976, 976; Matter of Harris v Harris-Olayinka, 181 AD3d 605, 605). "'The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court, and its determinations regarding the credibility of witnesses are entitled to great weight on appeal,'" and "'will not be disturbed unless clearly unsupported by the record'" (Matter of Arias v Castellanos, 191 AD3d at 976-977, quoting Matter of Gjelaj v Gjelaj, 168 AD3d 937, 938). Here, the Family Court was presented with sharply conflicting accounts by the parties regarding the event at issue, and chose to credit the testimony of the respondent over that of the petitioner. Since its credibility determination is supported by the record, there is no basis to disturb it (see Matter of Arias v Castellanos, 191 AD3d at 977; Matter of Johnson v Rivers, 165 AD3d 931, 932).
MASTRO, A.P.J., RIVERA, HINDS-RADIX and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court