Matter of Riyad v Abdelmoumen (2022 NY Slip Op 06931)

Matter of Riyad v Abdelmoumen

2022 NY Slip Op 06931

Decided on December 7, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 7, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
BARRY E. WARHIT, JJ.

2021-06972
 (Docket No. O-20114-19)

[*1]In the Matter of Younes Riyad, etc., appellant,
v
Rajaa Abdelmoumen, respondent.

Elliot Green, Brooklyn, NY, for appellant.
Diana Kelly, Jamaica, NY, for respondent.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, Younes Riyad appeals from an order of dismissal of the Family Court, Queens County (Adetokunbo O. Fasanya, J.), dated September 8, 2021. The order of dismissal, without a hearing, granted the motion of Rajaa Abdelmoumen pursuant to CPLR 3211(a) to dismiss the petition, and dismissed the petition for failure to state a cause of action without prejudice.
ORDERED that the order of dismissal is affirmed, without costs or disbursements.
The parties are the parents of a child born in 2017. By order dated August 9, 2019, the Family Court awarded sole custody of the child to Rajaa Abdelmoumen (hereinafter the mother), with parental access to Younes Riyad (hereinafter the father). In October 2019, the father commenced this family offense proceeding on behalf of the child against the mother. The mother moved pursuant to CPLR 3211(a)(4), (5), and (7) to dismiss the petition. In an order of dismissal dated September 8, 2021, the court, without a hearing, granted the mother's motion and dismissed the petition for failure to state a cause of action without prejudice. The father appeals. We affirm.
"A family offense petition may be dismissed without a hearing where the petition fails to set forth factual allegations which, if proven, would establish that the respondent has committed a qualifying family offense" (Matter of Brown-Winfield v Bailey, 143 AD3d 707, 708). "In determining whether a petition alleges an enumerated family offense, the petition must be liberally construed, the facts alleged in the petition must be accepted as true, and the petitioner must be granted the benefit of every favorable inference" (Matter of Arnold v Arnold, 119 AD3d 938, 939).
Here, liberally construing the allegations in the family offense petition and giving the father the benefit of every possible favorable inference, the petition was conclusory and failed to allege conduct by the mother constituting a family offense (see Family Court Act § 812; Matter of Lashlee v Lashlee, 145 AD3d 723, 724). Accordingly, the Family Court properly dismissed the petition without a hearing.
Furthermore, contrary to the father's further contention, the Family Court providently exercised its discretion in denying the father's oral application for leave to amend the petition. "Leave to amend a family offense petition 'should be freely granted so long as the amendment is not [*2]plainly lacking in merit and there is no significant prejudice to the nonmoving party'" (Matter of Price v Jenkins, 149 AD3d 954, 955, quoting Matter of Shazzi T. v Ernest G., 135 AD3d 410, 410). Here, the father's application was made during arguments on the mother's motion and failed to set forth the manner in which he proposed to amend the petition.
BARROS, J.P., MILLER, DOWLING and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court