Matter of Moran v Lane (2023 NY Slip Op 03866)

Matter of Moran v Lane

2023 NY Slip Op 03866

Decided on July 19, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 19, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ANGELA G. IANNACCI
ROBERT J. MILLER
JANICE A. TAYLOR, JJ.

2022-03082
 (Docket Nos. O-9817-20, O-11809-20)

[*1]In the Matter of Shannon Moran, appellant,
v
Jon Lane, respondent. (Proceeding No. 1.)
In the Matter of Jon Lane, respondent,
v
Shannon Moran, appellant. (Proceeding No. 2.)

Michael E. Lipson, Jericho, NY, for appellant.
Hanna & Vlahakis, Brooklyn, NY (Mark Hanna of counsel), for respondent.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 8, Shannon Moran appeals from an order of the Family Court, Kings County (Nisha Menon, Ct. Atty. Ref.), dated April 6, 2022. The order, insofar as appealed from, after a hearing, in effect, denied Shannon Moran's family offense petition and dismissed that proceeding.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
In September 2020, Shannon Moran filed a family offense petition seeking an order of protection against Jon Lane, with whom she had been in an intimate relationship. Lane thereafter filed a family offense petition against Moran. The two matters were heard before a court attorney referee who, in an order dated April 6, 2022, made after a consolidated hearing, in effect, denied both petitions and dismissed both proceedings. Moran appeals from so much of the order as, in effect, denied her family offense petition and dismissed her proceeding.
Initially, the court attorney referee did not exceed her jurisdiction by determining these matters as, contrary to Moran's contention, the record demonstrates that, on December 22, 2020, both parties stipulated, in the manner prescribed by CPLR 2104, to have these matters heard and determined by a court attorney referee (see Auriemmo v Auriemmo, 87 AD3d 1090, 1092). Further, the parties did not object to the court attorney referee who heard and determined the matter (see CPLR 4312[2]).
"In a family offense proceeding, the petitioner has the burden of establishing the offense by a fair preponderance of the evidence" (Matter of Arias v Castellanos, 191 AD3d 976, 976; see Family Ct Act § 832). "The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court, and its determinations regarding the credibility of witnesses are entitled to great weight on appeal, such that they will not be disturbed unless clearly [*2]unsupported by the record" (Matter of Gjelaj v Gjelaj, 168 AD3d 937, 938; see Matter of Arias v Castellanos, 191 AD3d at 976-977).
Here, the court attorney referee was presented with conflicting testimony from the parties as to whether Lane had committed family offenses. The determination that Moran failed to establish a family offense was based on credibility assessments and is supported by the record (see Matter of Arias v Castellanos, 191 AD3d at 977; Matter of Johnson v Rivers, 165 AD3d 931, 932).
Accordingly, we affirm the order insofar as appealed from.
DILLON, J.P., IANNACCI, MILLER and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court