Durst Pyramid LLC v Silver Cinemas Acquisition Co. (2023 NY Slip Op 06311)

Durst Pyramid LLC v Silver Cinemas Acquisition Co.

2023 NY Slip Op 06311

Decided on December 07, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 07, 2023

Before: Webber, J.P., Scarpulla, Pitt-Burke, Rosado, O'Neill Levy, JJ. 

Index No. 656926/20 Appeal No. 1171 Case No. 2022-05812 

[*1]Durst Pyramid LLC, Plaintiff-Respondent,
v
Silver Cinemas Acquisition Co. Doing Business as Landmark Theatres et al., Defendants-Appellants.

Harwood Reiff LLC, New York (Donald A. Harwood of counsel), for appellants.
Rosenberg & Estis, P.C., New York (Ethan R. Cohen of counsel), for respondent.

Order, Supreme Court, New York County (Joel M. Cohen, J.), entered June 21, 2022, which, to the extent appealed from as limited by the briefs, granted plaintiff landlord's motion for summary judgment dismissing defendants' affirmative defenses and their counterclaim for commercial tenant harassment, and for summary judgment in its favor on its cause of action for rent arrears, and denied defendants' cross-motion for leave to amend their answer to add a counterclaim for defamation, unanimously affirmed, with costs.
The landlord established its entitlement to summary judgment on its cause of action for rent arrears by submitting documentary evidence establishing the existence of a valid lease signed by defendant tenant Silver Cinemas Acquisition and a guaranty signed by defendant guarantor Silver Holdco, Inc., and by submitting affidavits along with invoices and ledgers showing that neither the tenant nor the guarantor paid rent from January 1, 2020 through September 11, 2020. This evidence was sufficient to establish a cause of action for rent arrears (see Thor Gallery At S. DeKalb, LLC v Reliance Mediaworks [USA] Inc., 143 AD3d 498, 498 [1st Dept 2016]). Defendants' argument that plaintiff's default notices were invalid because plaintiff served them in violation of Executive Order 202.8 is meritless. Executive Order 202.8 was a COVID-related directive barring the enforcement of residential and commercial evictions during the period of the Order and its extensions. Here, defendants voluntarily vacated and surrendered the premises before plaintiff sent out the default notices. Plaintiff sues only for a money judgment for unpaid rent and alleged damages to its premises after defendants voluntarily surrendered, claims which do not implicate Executive Order 202.8's bar on evictions.
Supreme Court also properly dismissed defendants' affirmative defenses of frustration of purpose, impossibility, and failure of consideration because under the terms of the force majeure provision of the lease, the temporary disruption that the COVID-19 pandemic caused to the tenant's business was foreseeable and was not serious enough for unilateral rescission of a 20-year lease (see Knickerbocker Retail LLC v Bruckner Forever Young Social Adult Day Care, Inc., 204 AD3d 536, 537 [1st Dept 2022]; Valentino U.S.A., Inc. v 693 Fifth Owner LLC, 203 AD3d 480, 480-481 [1st Dept 2022]). Supreme Court was also correct to dismiss the counterclaim for commercial tenant harassment. Under Administrative Code of the City of New York § 22-902(b), the landlord was permitted to lawfully issue notices of default and termination in connection with the tenancy, especially because the tenant had already vacated or was in the process of vacating.
As to defendants' cross-motion to amend their answer to add a counterclaim for defamation, Supreme Court providently exercised its discretion to deny that cross-motion, as the proposed cause of action would not have survived a motion to dismiss (see [*2]Matter of Shazzi T. v Ernest G., 135 AD3d 410, 410 [1st Dept 2016]; Scott v Bell Atl. Corp., 282 AD2d 180, 185 [1st Dept 2001], affd as mod sub nom. Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314 [2002]). The complaint alleges that the tenant "wrongfully removed Landlord's property[,] which was required to remain in the Premises" under the terms of the lease. The allegedly defamatory statement, in turn, appeared in an article describing the landlord's lawsuit against defendants and included a statement from the landlord's representative that "We are still showing the space — minus the stuff [the tenant] stole." Read in context and applying the ordinary meaning of words, the quoted statement is protected by the absolute privilege of Civil Rights Law § 74 as a fair and true report of a judicial proceeding, and also was "substantially accurate" (McRedmond v Sutton Place Rest. & Bar, Inc., 48 AD3d 258, 259 [1st Dept 2008]; see Panghat v New York State Div. of Human Rights, 89 AD3d 597, 597-598 [1st Dept 2011]).
We have considered and rejected defendants' remaining arguments.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 7, 2023