| **Mikalauskas v Gloss Griffin LLC** |
|:---:|
| 2024 NY Slip Op 34146(U) |
| November 22, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 154445/2023 |
| Judge: David B. Cohen |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

**PRESENT:**    <u>**HON. DAVID B. COHEN**</u>    **PART**      **58**

*Justice*

-------------------------------------------------------------------------------X

SARAJAYNE MIKALAUSKAS

         Plaintiff,

     - v -

GLOSS GRIFFIN LLC,

         Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 154445/2023 |
| **MOTION DATE** | 11/30/2023 |
| **MOTION SEQ. NO.** | 002 |

## DECISION + ORDER ON MOTION

The following e-filed documents, listed by NYSCEF document number (Motion 002) 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31

were read on this motion to/for      <u>AMEND CAPTION/PLEADINGS</u> .

By Notice of Motion, plaintiff moves, pursuant to CPLR § 3025(b), for leave to amend the complaint to include a cause of action for retaliation under New York Labor Law (NYLL) § 215(a)(1).

## I.      Statement of Facts

On May 16, 2023, plaintiff, former employee of defendant, filed the instant action seeking redress for alleged wage violations of NYLL § 215(a)(1).

On May 31, 2023, defendant filed an answer with a counterclaim, alleging that it incurred damages as a result of plaintiff's negligence while in the performance of her duties as its employee.

On June 5, 2023, plaintiff moved for an order dismissing defendant's counterclaim on the basis that it failed to state a cause of action upon which relief could be granted, and which defendant did not oppose. On October 18, 2023, the motion was granted. On November 30, 2023, plaintiff filed the instant motion to amend.

**154445/2023   MIKALAUSKAS, SARAJAYNE vs. GLOSS GRIFFIN LLC**
**Motion No. 002**

**Page 1 of 6**

[* 1]

## II.    Contentions

Plaintiff contends that defendant's counterclaim was filed in retaliation for this lawsuit, and that under the NYLL, the filing of this action is a recognized protected activity and defendant's counterclaim, although now dismissed, will have a causally "marked effect" on her career.  Plaintiff asserts the allegation that she was negligent will remain public both for all future employers, as well as any individual researching or conducting a background check on her, and as such constitutes an adverse action by defendant.  Plaintiff thus asserts the counterclaim was solely meant to chill and punish her for exercising her rights under the NYLL, and she moves to amend the complaint to include a cause of action for retaliation.

Defendant opposes, contending that because the alleged protected activity did not occur while plaintiff was employed by defendant, it cannot provide a legal predicate for a cause of action for retaliation under the NYLL.  Defendant argues it would be futile for this court to grant plaintiff's motion because the amended complaint is untenable, and thus the court should deny plaintiff's motion to amend.

## III.    Legal Analysis and Conclusion

### *Motion to Amend a Pleading*

Leave to amend shall be freely granted freely so long as the amendment is not plainly lacking in merit, and there is no significant prejudice or surprise resulting from the delay to the nonmoving party (*see* CPLR 3025(b); *Shazzi T. v Ernest G.*, 135 AD3d 410 [1st Dept 2016]; *see also Davis v Morson*, 286 AD2d 584, 585 [1st Dept 2001].  "Prejudice to warrant denial of leave to amend requires 'some indication that the defendant has been hindered in the preparation of [their] case or has been prevented from taking some measure in support of [their] position' " (*McGhee v Odell,* 96 AD3d 449, 450 [1st Dept 2012], citing *Kocourek v. Booz Allen Hamilton*

**154445/2023   MIKALAUSKAS, SARAJAYNE vs. GLOSS  GRIFFIN LLC**          **Page 2 of 6**
  **Motion No.  002**

2 of 6

*Inc.*,85 AD3d 502, 504, [2011]). "A party opposing leave to amend must overcome a heavy presumption of validity in favor of [permitting amendment]" (*McGhee v Odell*, 96 AD3d 449, 450 [1st Dept 2012] [internal citations omitted]).

"On a motion for leave to amend a pleading, movant need not establish the merit of the proposed new allegations, but must simply show that the proffered amendment is not palpably insufficient or clearly devoid of merit" (*Cruz v Brown*, 129 AD3d 455 [1st Dept 2015] citing *Miller v Cohen*, 93 AD3d 424 [1st Dept 2012]). The court may exercise its discretion to deny an amendment if the proposed cause of action would not survive a motion to dismiss (*see Durst Pyramid LLC v Silver Cinemas Acquisition Co.*, 222 AD3d 431 [1st Dept 2023]). Whether to grant an amendment is up to the discretion of the court (*Ferrer v Go New York Tours Inc.*, 221 AD3d 499, 500 [1st Dept 2023], citing *Heller v Louis Provenzano*, Inc., 303 AD2d 20, 756 NYS2d 26 [1st Dept 2003]).

### *New York Labor Law § 215(1)(a)*

New York Labor Law § 215(1)(a), provides, in relevant part, "[n]o employer or his or her agent[] … [shall] retaliate against any employee [] because such employee has made a complaint to his or her employer, or to the commissioner or his or her authorized representative, or to the attorney general or any other person, that the employer has engaged in conduct that the employee, reasonably and in good faith, believes violates any provision of this chapter…."

To make a *prima facie* retaliation claim under NYLL § 215, the plaintiff must show: "(1) participation in protected activity known to the defendant, like the filing of a [NYLL] lawsuit; (2) an employment action disadvantaging the plaintiff; and (3) a causal connection between the

**154445/2023   MIKALAUSKAS, SARAJAYNE vs. GLOSS  GRIFFIN LLC**
**Motion No.  002**

protected activity and the adverse employment action" (*D'Amato v Five Star Reporting, Inc.*, 80 F Supp 3d 395 [EDNY 2015].)[1]

*Analysis*

Here, defendant does not claim plaintiff's amendment would be prejudicial in its preparation of its case, nor that it would cause a hinderance or delay the action because, at this stage in litigation, no discovery demands have been made nor have depositions been taken. Instead, defendant suggests plaintiff's claim of retaliation is devoid of merit and accordingly would not withstand a motion to dismiss.

Under NYLL § 215, a protected activity is the necessary predicate for a claim of retaliation. Here, the parties disagree whether post-employment complaints, such as plaintiff's filing of the instant action, are considered a protected activity under NYLL § 215. Defendant argues that as the protected activity occurred after plaintiff no longer worked for defendant, it is not covered by NYLL § 215, but it cites to no controlling authority that supports this proposition.

However, in *Wigdor v SoulCycle, LLC,* the Appellate Division First Department held that "Labor Law § 215(1)(a), which prohibits an "employer" from retaliating against an "employee" for engaging in protected activities, was clearly intended to provide employees with a cause of action against their current and *former employers*" (*Wigdor v SoulCycle, LLC*, 139 AD3d 613 [1st Dept 2016] [emphasis added] [citing McKinney's Cons Laws of NY, Book 1, Statutes § 76].

Furthermore, plaintiff cites to a *Oram v SoulCycle LLC*, a Federal Court, Southern District case that highlights the ambiguity of NYLL § 215, stating in part that "the statutory definition of employee ('an individual employed by an employer') lacks any temporal qualifier and is consistent with either current or past employment[,]" and that "there is no temporal

---

[1] The NYLL § 215(1)(a) and the FLSA § 215(1)(a) share the same standard.

**154445/2023   MIKALAUSKAS, SARAJAYNE vs. GLOSS  GRIFFIN LLC**
**Motion No.  002**

**Page 4 of 6**

4 of 6

qualifier in the statute such as would make it plain that [it] protects only persons still employed at the time of the retaliation" *Oram v SoulCycle LLC*, 979 F Supp 2d 498 [SDNY 2013].

Combined, both *Wigdor* and *Oram's* statutory interpretation of NYLL § 215 show that a former employee may engage in a protected activity and use such post-termination conduct as the foundation for a claim of retaliation.

Yet for an employer's counterclaim against an employee or former employee to rise to the level of retaliation, the "plaintiff must show that the counterclaim[] had some impact on the plaintiff's employment or prospective employment." (*D'Amato v Five Star Reporting, Inc*., 80 F Supp 3d 395, 420 [EDNY 2015]; *see Fei v WestLB AG,* 155 Lab Cas P 35406 [SDNY Mar. 5, 2008]). Counterclaims that relate to a simple breach of contract that does not reflect negatively on plaintiff's ethical or professional reputation do not amount to retaliation (*D'Amato*, 80 F Supp 3d 395, 420); s*ee Ginsberg v Valhalla Anesthesia Assoc*., P.C., 971 F Supp 144 [SDNY 1997]).

The counterclaim alleged that plaintiff 'carelessness and negligence in the performance of her duties for the defendant caused damage and loss to materials that defendant purchased causing damage to property believed to be in excess of $100,000. This allegation could have some impact on plaintiff's prospective future employment and thus, plaintiff's claim of retaliation is sufficient under NYLL § 215(a)(1).

Accordingly, it is hereby

ORDERED that the plaintiff's motion for leave to amend the complaint herein is granted, and the amended complaint in the proposed form annexed to the moving papers shall be deemed served upon service of a copy of this order with notice of entry thereof; and it is further

ORDERED that the defendant shall serve an answer to the amended complaint or otherwise respond thereto within 20 days from the date of said service; and it is further

**154445/2023   MIKALAUSKAS, SARAJAYNE vs. GLOSS  GRIFFIN LLC**
**Motion No.  002**

**Page 5 of 6**

ORDERED that counsel are directed to appear for a compliance conference on February 4, 2025, at 9:30 a.m., in person, at 71 Thomas Street, Room 305, New York, New York.

20241122143452DBCOHENDE92398EF8194B69A8CBBD2D3F281376

__11/22/2024__
__DATE__

__DAVID B. COHEN, J.S.C.__

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**154445/2023   MIKALAUSKAS, SARAJAYNE vs. GLOSS  GRIFFIN LLC**
**Motion No.  002**

Page 6 of 6

[* 6]