Matter of Warren v Brandofino (2025 NY Slip Op 01638)

Matter of Warren v Brandofino

2025 NY Slip Op 01638

Decided on March 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
LILLIAN WAN
PHILLIP HOM, JJ.

2023-07136 
2023-07138
 (Docket No. O-11206-21)

[*1]In the Matter of Ralph T. Warren, Jr., appellant, 
v
Kathleen Brandofino, respondent.

Arza R. Feldman, Manhasset, NY, for appellant.
The Law Office of Nicolas Daleo, P.C., Mount Sinai, NY, for respondent.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, the petitioner appeals from (1) an order of dismissal of the Family Court, Suffolk County (Andrea A. Amoa, Ct. Atty. Ref.), dated July 25, 2023, and (2) an order of the same court, also dated July 25, 2023. The order of dismissal, after a hearing, denied the petition and dismissed the proceeding. The order vacated a temporary order of protection and also dismissed the proceeding.
ORDERED that the order of dismissal and the order are affirmed, without costs or disbursements.
In September 2021, the petitioner commenced this family offense proceeding pursuant to Family Court Act article 8 against the respondent, who is his sister. The petitioner alleged that the respondent committed, inter alia, the family offenses of harassment in the first or second degree and aggravated harassment in the second degree. After a hearing, the Family Court denied the petition and dismissed the proceeding. The petitioner appeals.
"In a family offense proceeding, the petitioner has the burden of establishing the offense by a fair preponderance of the evidence" (Matter of Arias v Castellanos, 191 AD3d 976, 976; see Family Ct Act § 832). "The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court, and its determinations regarding the credibility of witnesses are entitled to great weight on appeal, such that they will not be disturbed unless clearly unsupported by the record" (Matter of Limanov v Limanov, 225 AD3d 872, 874 [internal quotation marks omitted]; see Matter of Wedra v Greco, 219 AD3d 753, 754; Matter of Arias v Castellanos, 191 AD3d at 976-977).
Here, the Family Court properly determined that the petitioner failed to establish, by a fair preponderance of the evidence, that the respondent committed the family offenses at issue (see Matter of Faty v Diagne, 189 AD3d 1585, 1586; Matter of Harris v Harris-Olayinka, 181 AD3d 605, 605-606).
Further, the Family Court providently exercised its discretion in denying the petitioner's oral application for leave to amend his petition. "Leave to amend a family offense [*2]petition should be freely granted so long as the amendment is not plainly lacking in merit and there is no significant prejudice to the nonmoving party" (Matter of Price v Jenkins, 149 AD3d 954, 955 [internal quotation marks omitted]). Here, the petitioner's application failed to set forth his proposed amendments to the petition (see Matter of Riyad v Abdelmoumen, 211 AD3d 737, 738).
Accordingly, the Family Court properly denied the petition and dismissed the proceeding.
CHAMBERS, J.P., MILLER, WAN and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court