Appeal by the father from three orders of the Family Court, Queens County (Julie Stanton, Ct. Atty. Ref.), all dated January 11, 2017. The first order, after a hearing, denied the father’s motion to hold the mother in contempt for allegedly violating an order of visitation. The second order, after a hearing, in effect, denied the father’s petition to modify a prior order of visitation, and set forth a final schedule of visitation. The third order, after a hearing, granted the mother’s petition to modify a prior order of visitation, and set forth a final schedule of visitation.
 

 Ordered that the first order is affirmed, without costs or disbursements; and it is further,
 

 Ordered that the second and third orders are modified, on the law, (1) by deleting the provisions thereof directing the parties to agree upon a supervisor and directing that the father’s supervised visitation would take place at an agency if the parties could not agree on a supervisor, (2) by deleting the provisions thereof directing that the father was responsible for any costs incurred for his visitation with the child, and (3) by deleting the provisions thereof directing that the father would forfeit his visit if he was more than 15 minutes late picking up the child, and would forfeit his next visit if he was more than 15 minutes late returning the child; as so modified, the second and third orders are affirmed, without costs or disbursements, and the matter is remitted to the Family Court, Queens County, for further proceedings consistent herewith.
 

 The parties’ child was born in 2008. In an order dated June 29, 2011, the Family Court awarded the mother sole legal and physical custody of the child and awarded the father parenting time with the child. In 2016, the father filed a petition to modify the prior visitation order so as to give him additional unsupervised visitation. He then moved by order to show cause to hold the mother in contempt for allegedly canceling two of his visits with the child. The mother filed a petition to modify the visitation order so as to limit the father to only supervised visitation with the child or, in the alternative, to limit the father’s visitation to one four-hour visit with the child every other Sunday in a public place. After a hearing, in three orders dated January 11, 2017, the Family Court (1) denied the father’s motion to hold the mother in contempt, (2), in effect, denied the father’s petition to modify the prior visitation order, and (3) granted the mother’s petition to modify the prior visitation order. In both the order granting the mother’s petition and the order, in effect, denying the father’s petition, the court awarded the father supervised visitation with the child from 10:00 a.m. until 4:00 p.m. on alternate Saturdays. It further directed that the father would forfeit his visit if he was more than 15 minutes late picking up the child, and would forfeit the next visit if he was more than 15 minutes late returning the child. In addition, the parties were directed to agree upon a supervisor, and if they could not do so, the father was to have visitation at an agency. Finally, the court directed that the father was responsible for any costs incurred for his visitation. The father appeals from the three orders dated January 11, 2017.
 

 Contrary to the Family Court’s determination, the father’s order to show cause on his motion to hold the mother in contempt contained the required notice and warning language set forth in Judiciary Law § 756, and that language was in at least eight-point bold type (see Judiciary Law § 756). However, the court correctly, in the alternative, denied the motion on the merits, as the father’s testimony established that the mother canceled only one of the two allegedly missed visits and that that visit was canceled because the child was ill (see Matter of Figueroa-Rolon v Torres, 121 AD3d 684, 685 [2014]; El-Dehdan v El-Dehdan, 114 AD3d 4, 17 [2013], affd 26 NY3d 19 [2015]).
 

 The Family Court properly, in effect, denied the father’s modification petition and properly granted the mother’s modification petition. The court’s determination that the father’s visitation with the child should be supervised had a sound and substantial basis in the record, as the evidence showed that unsupervised visitation would be detrimental to the child (see Matter of Spencer v Killoran, 147 AD3d 862, 863 [2017]). Likewise, there was a sound and substantial basis for the court’s determination that there had been a change of circumstances since the prior visitation order, so that modifying the terms and conditions of the father’s visitation was in the best interests of the child (see Matter of Sanders v Jaco, 148 AD3d 812, 813 [2017]; Matter of Spencer v Killoran, 147 AD3d 862, 863 [2017]).
 

 Under the circumstances of this case, the Family Court should not have directed the parties to agree on a supervisor for the father’s visitation with the child without conducting an adequate inquiry to determine whether they would be able to mutually agree upon an appropriate supervisor. Accordingly, we remit this matter to the Family Court, Queens Country, for the court to afford the parties a further opportunity to proffer a mutually acceptable supervisor. In the event the parties are unable to do so, the Family Court shall determine who will supervise the father’s visitation with the child, and specify at which agency the supervised visitation will occur.
 

 The Family Court should not have directed that the father was responsible for the cost of supervising his visitation without determining the “ ‘economic realities,’ ” including his ability to pay and the actual cost of each visit (Cervera v Bressler, 50 AD3d 837, 840 [2008], quoting Matter of Rueckert v Reilly, 282 AD2d 608, 609 [2001]). Accordingly, we remit this matter to the Family Court, Queens County, to determine the costs, if any, of the father’s supervised visitation, and if there are visitation costs, to determine the economic realities and allocate those costs.
 

 The Family Court erred in granting the mother the authority to unilaterally cancel the father’s visitation if he were more than 15 minutes late to pick up or drop off the child. This provision did not give the father an opportunity to judicially challenge the mother’s determination, or to present a legitimate reason for his tardiness before having a visit canceled (see Johnson v Johnson, 303 AD2d 641, 642 [2003]). Thus, the court improperly delegated its authority to the mother to determine when the child would visit with the father (see id.; Jordan v Jordan, 8 AD3d 444, 445 [2004]).
 

 The father’s remaining contentions are either unpreserved for appellate review or without merit.
 

 Dillon, J.P., Balkin, Miller and LaSalle, JJ., concur.