Matter of Livesey v Gulick (2021 NY Slip Op 03321)





Matter of Livesey v Gulick


2021 NY Slip Op 03321


Decided on May 26, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
COLLEEN D. DUFFY
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2019-11660
2019-11661
2019-11663
 (Docket Nos. O-4140-18, V-4903-18, V-4905-18)

[*1]In the Matter of Erin Livesey, respondent,
v
Evan Gulick, appellant.


Geoffrey E. Chanin, Goshen, NY, for appellant.
Legal Services of the Hudson Valley, Newburgh, NY (Kassandra Brescia of counsel), for respondent.
Dawn M. Shammas, Harrison, NY, attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Family Court Act articles 6 and 8, the father appeals from (1) an order of fact-finding and disposition of the Family Court, Orange County (Christine P. Krahulik, J.), dated September 3, 2019, (2) an order of protection of the same court also dated September 3, 2019, and (3) an order of custody and parental access of the same court also dated September 3, 2019. The order of fact-finding and disposition, after a hearing, found that the father committed the family offense of harassment in the second degree and directed him to comply with the terms set forth in the order of protection for a period not to exceed two years. The order of protection, inter alia, directed the father to stay away from the mother and the subject children until and including May 28, 2021, except during court-authorized parental access with the children. The order of custody and parental access, insofar as appealed from, after a hearing, limited the father's parental access with the subject children to supervised therapeutic parental access and directed the parties to equally share the costs incurred for the father's supervised therapeutic parental access.
ORDERED that the order of fact-finding and disposition and the order of protection are affirmed, without costs or disbursements; and it is further,
ORDERED that the order of custody and parental access is modified, on the law, by deleting the provision thereof directing the parties to equally share the costs incurred for the father's supervised therapeutic parental access; as so modified, the order of custody and parental access is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Family Court, Orange County, for further proceedings consistent herewith.
The parties are the parents of three minor children. In October 2018, the mother commenced a family offense proceeding seeking an order of protection against the father. The mother also commenced a proceeding pursuant to Family Court Act article 6 for sole physical and legal custody of the children.
At a fact-finding hearing, the mother testified, inter alia, that the father, without justification, regularly accused her of cheating on him, questioned her about having multiple "boyfriends . . . living in the basement" of their home, repeatedly called her while she was at work to demand she provide her GPS location and pictures of herself at work, and asked the parties' children about "what men they . . . saw coming in and out of the house." The mother indicated that the father regularly "scream[ed]" at her when making accusations of her cheating, and on some occasions, "would hold knives to [her] throat" while asking if she wanted him to kill her. The mother also testified that on one occasion, the father started "pushing" her while she was doing laundry in the basement, demanding to know why it took her so long to get home from work, and when she turned, he punched her on the side of her head with a closed fist. The mother indicated that she felt "fearful for [her] life" as a result of the father's actions. The father denied that he ever punched the mother in the head, and claimed that during the incident when he allegedly punched her, she had followed him into the basement and started "swinging at [him]," and when he put up his hands "to block" her, she accused him of hitting her in the presence of one of the children.
In an order of fact-finding and disposition dated September 3, 2019, the Family Court, inter alia, found that the father committed the family offense of harassment in the second degree. On the same date, the court issued an order of protection, among other things, directing the father to stay away from the mother and the children until and including May 28, 2021, except during court-authorized parental access with the children. Also on the same date, the court issued an order of custody and parental access which, inter alia, limited the father's parental access with the children to supervised therapeutic parental access and directed the parties to equally share the costs incurred for the father's supervised therapeutic parental access. The father appeals.
"'In a family offense proceeding, the petitioner has the burden of establishing the offense by a fair preponderance of the evidence'" (Matter of Shank v Miller, 148 AD3d 1160, 1160, quoting Matter of Davis v Wright, 140 AD3d 753, 754; see Family Ct Act § 832; Matter of Vella v Dillman, 160 AD3d 883, 883-884). "'The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court'" (Matter of Lengiewicz v Lengiewicz, 167 AD3d 608, 608, quoting Matter of Washington v Washington, 158 AD3d 717, 718). The Family Court's determination as to the credibility of witnesses is entitled to great weight and, if supported by the record, will not be disturbed on appeal (see Matter of Vella v Dillman, 160 AD3d at 884; Matter of Streat v Streat, 117 AD3d 837, 838).
Contrary to the father's contention, a fair preponderance of the evidence adduced at the fact-finding hearing supported a finding that he committed the family offense of harassment in the second degree (Penal Law § 240.26[1], [3]). "Where, as here, the court was presented with sharply conflicting accounts by the parties regarding the subject events, and chose to credit the testimony of one party over that of the other, its determination will not be disturbed unless clearly unsupported by the record" (Matter of Mohammed v Mohammed, 174 AD3d 615, 615-616). Here, the Family Court's determination that the father committed the family offense of harassment in the second degree was based upon its assessment of the credibility of the parties and is supported by the record (see Matter of Washington v Washington, 158 AD3d at 718; Matter of Atanmo v Richards, 144 AD3d 1023, 1024). Also contrary to the father's contention, the mere fact that the mother did not seek medical treatment after the father allegedly punched her "did not discredit her testimony" (Matter of Kalyan v Trasybule, 189 AD3d 1046, 1047). Accordingly, there is no basis to disturb the order of fact-finding and disposition or the order of protection (see Matter of Vien v Bala-Gbogbo, ___AD3d___, 2021 NY Slip Op 02166 [2d Dept]).
"Supervised parental access is appropriately required only where it is established that unsupervised parental access would be detrimental to the child" (Matter of Masri v Masri, 171 AD3d 1183, 1185; see Irizarry v Irizarry, 115 AD3d 913, 914). "The determination of whether parental access should be supervised is a matter within the sound discretion of the hearing court, and its findings will not be disturbed on appeal unless they lack a sound and substantial basis in the record" (Matter of Masri v Masri, 171 AD3d at 1185; see Irizarry v Irizarry, 115 AD3d at 914; Cervera v Bressler, 50 AD3d 837, 839). Here, contrary to the father's contention, the Family Court's determination that it was in the best interests of the children to limit the father's parental access with [*2]them to supervised therapeutic parental access is supported by a sound and substantial basis in the record, and thus, will not be disturbed (see Reilly v Hager-Reilly, 166 AD3d 825, 827).
However, the Family Court should not have directed the parties to equally share the costs of the father's supervised parental access, without evaluating the parties' "economic realities," including the father's ability to pay and the actual cost of each visit (Matter of Michael R. v Aliesha H., 155 AD3d 1042, 1044 [internal quotation marks omitted]; see Matter of Rueckert v Reilly, 282 AD2d 608, 609). Accordingly, we remit the matter to the Family Court, Orange Country, for a hearing to resolve those issues, and a determination thereafter regarding the parties' respective shares of the costs for the father's supervised therapeutic parental access.
CHAMBERS, J.P., DUFFY, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court