Matter of Marin v Banasco (2022 NY Slip Op 01790)





Matter of Marin v Banasco


2022 NY Slip Op 01790


Decided on March 16, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
CHERYL E. CHAMBERS
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.


2021-03083
 (Docket No. O-13663-19)

[*1]In the Matter of Monica Marin, etc., respondent,
v
Carlos L. Banasco, appellant.


Robert Hausner, Garden City, NY, for appellant.
Maria V. de la Cruz, Jamaica, NY, for respondent.
Heath J. Goldstein, Jamaica, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, the father appeals from an order of fact-finding and disposition of the Family Court, Queens County (Mildred T. Negron, J.), dated April 20, 2021. The order of fact-finding and disposition, after a hearing, found that the father committed the family offenses of harassment in the second degree, menacing in the third degree, and disorderly conduct, and directed him to comply with the terms set forth in an order of protection of the same court, also dated April 20, 2021, for a period not to exceed two years.
ORDERED that the order of fact-finding and disposition is modified, on the facts, by deleting the provision thereof finding that the father committed the family offense of menacing in the third degree; as so modified, the order is affirmed, without costs or disbursements.
The parties are unmarried and have one child together. In July 2019, the mother filed a family offense petition against the father alleging, among other things, that on June 9, 2019, in the presence of the child, the father smacked the mother's cell phone out of her hand and threatened to hurt her. The petition further alleged that, on July 2, 2019, the father appeared at a scheduled custody exchange intoxicated, which resulted in the father being "kicked out" of the police station where the custody exchange was scheduled to occur. Following a hearing, in an order of fact-finding and disposition dated April 20, 2021, the Family Court determined that the father had committed the family offenses of harassment in the second degree and menacing in the third degree during the June 9, 2019 incident, and disorderly conduct based on his actions on July 2, 2019. The court directed the father to comply with the terms set forth in an order of protection issued the same day against the father and in favor of the mother, for a period not to exceed two years. The father appeals from the order of fact-finding and disposition.
"In a family offense proceeding, the petitioner has the burden of establishing the offense by a fair preponderance of the evidence" (Matter of Shank v Miller, 148 AD3d 1160, 1160 [internal quotation marks omitted]; see Family Ct Act § 832; Matter of Livesey v Gulick, 194 AD3d 1045, 1047). "The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court" (Matter of Lengiewicz v Lengiewicz, 167 AD3d 608, 608; see Matter of Livesey v Gulick, 194 AD3d at 1047). The Family Court's determination as to the [*2]credibility of witnesses is entitled to great weight and, if supported by the record, will not be disturbed on appeal (see Matter of Livesey v Gulick, 194 AD3d at 1047; Matter of Streat v Streat, 117 AD3d 837, 838).
Here, the evidence failed to establish that the father committed the family offense of menacing in the third degree (Penal Law § 120.15). There was insufficient evidence that the father's conduct on June 9, 2019, was intended to place the petitioner in fear of death, imminent serious physical injury, or physical injury, by physical menace (see Matter of Kalyan v Trasybule, 189 AD3d 1046, 1048; Matter of Saquipay v Puzhi, 160 AD3d 879, 880; Matter of Ashley C., 59 AD3d 715, 715-716).
However, a fair preponderance of the evidence supported the Family Court's findings that the father committed the family offenses of harassment in the second degree (Penal Law § 240.26[1]; see Matter of Washington v Washington, 158 AD3d 717, 718) and disorderly conduct (see Matter of Kiani v Kiani, 134 AD3d 1036, 1037-1038).
We perceive no basis to disturb the two-year order of protection in the mother's favor (see Matter of Kalyan v Trasybule, 189 AD3d 1046, 1048).
The father's remaining contention is without merit.
BRATHWAITE NELSON, J.P., CHAMBERS, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court