Matter of Felgueiras v Cabral (2022 NY Slip Op 02410)

Matter of Felgueiras v Cabral

2022 NY Slip Op 02410

Decided on April 13, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 13, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.

2021-04256
 (Docket No. V-1694-19/20A)

[*1]In the Matter of Pedro Felgueiras, respondent,
v
Christine Cabral, appellant.

Warren S. Hecht, Forest Hills, NY, for appellant.
Legal Aid Society of Rockland County, New City, NY (Jacqueline Sands of counsel), attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from a final order of custody and visitation of the Family Court, Rockland County (Rachel E. Tanguay, J.), dated March 30, 2021. The final order of custody and visitation, insofar as appealed from, after a hearing, (1) granted the father's petition to modify a final order of custody and visitation of the same court dated October 24, 2019, so as to award him sole legal and physical custody of the child, with certain parental access to the mother, (2) directed that, in the event the mother ceases attending the Personalized Recovery Oriented Services (PROS) program before being successfully discharged, parental access with the child shall be immediately suspended, (3) directed that, in the event the mother has any unsupervised parental access with the child without prior court approval, parental access shall be immediately suspended, and (4) permitted the father and the mother to commence a proceeding, after nine months, to continue or terminate the mother's supervised parental access with the child.
ORDERED that the final order of custody and visitation dated March 30, 2021, is modified, on the law and in the exercise of discretion, (1) by deleting the provision thereof directing that, in the event the mother ceases attending the Personalized Recovery Oriented Services (PROS) program before being successfully discharged, parental access with the child shall be immediately suspended, and (2) by deleting the provision thereof directing that, in the event the mother has any unsupervised parental access with the child without prior court approval, parental access shall be immediately suspended; as so modified, the final order of custody and visitation dated March 30, 2021, is affirmed insofar as appealed from, without costs or disbursements.
The mother and the father have one child in common. In July 2020, the father commenced a proceeding in the Family Court to modify a final order of custody and visitation of the same court, dated October 24, 2019. Pursuant to that order, the mother had primary physical custody of the child and the mother and father shared joint legal custody. The father sought sole physical and legal custody of the child. After a hearing, the Family Court, among other things, awarded the father sole legal and physical custody of the child, with certain parental access to the mother. The mother appeals.
In order to modify an existing custody or parental access arrangement, there must be [*2]a showing of a change of circumstances such that modification is required to protect the best interests of the child (see Matter of Merchant v Caldwell, 198 AD3d 782, 783; Matter of Gonzalez v Santiago, 167 AD3d 887, 889). The best interests of the child are determined by assessing the totality of the circumstances (see Eschbach v Eschbach, 56 NY2d 167, 172). "The factors to be considered in making a determination with respect to the best interests of the child include the quality of the home environment and the parental guidance the custodial parent provides for the child, the ability of each parent to provide for the child's emotional and intellectual development, the financial status and ability of each parent to provide for the child, the relative fitness of the respective parents, and the effect an award of custody to one parent might have on the child's relationship with the other parent" (Matter of Ross v Ross, 96 AD3d 856, 857 [internal quotation marks omitted]; see Matter of Keuleman v Earp, 188 AD3d 1063, 1065).
Here, contrary to the mother's contention, a sound and substantial basis exists in the record to support the Family Court's determination that a sufficient change in circumstances had occurred such that a change in custody and parental access was required to protect the child's best interests. Testimony elicited at the hearing established, among other things, that the mother had interfered with the father's rights to parental access with the child (see Matter of Griffin v Moore-James, 104 AD3d 685, 685); that the child, while in the mother's care, had been observed playing outside late at night, without the mother present; and that the mother had been hospitalized for several days after she physically confronted the father, while possessing a knife in her purse, in the child's presence (see Matter of Selliah v Penamente, 107 AD3d 1004, 1005; Matter of Yearwood v Yearwood, 90 AD3d 771, 774).
We agree with the mother, however, that the Family Court erred in including two provisions in the order appealed from that effectively allow the father to determine whether parental access with the mother should be suspended. These provisions do not appear to give the mother the opportunity to judicially challenge the father's determinations concerning her compliance with the Personalized Recovery Oriented Services (PROS) program or whether she had unsupervised parental access with the child (see Matter of Michael R. v Aliesha H., 155 AD3d 1042, 1044; Johnson v Johnson, 303 AD2d 641, 642), and, consequently, constitute an improper delegation of authority by the Family Court to the father to determine when the child can have parental access time with the mother (see Matter of Michael R. v Aliesha H., 155 AD3d at 1044; Jordan v Jordan, 8 AD3d 444, 445).
Accordingly, we delete the provisions of the order appealed from directing that, in the event that the mother ceases attending the Personalized Recovery Oriented Services (PROS) program before being successfully discharged, or has any unsupervised parental access with the child without prior court approval, parental access shall be immediately suspended.
The mother's remaining contention is without merit.
BRATHWAITE NELSON, J.P., RIVERA, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court