Matter of Pieters v Pieters (2022 NY Slip Op 05321)

Matter of Pieters v Pieters

2022 NY Slip Op 05321

Decided on September 28, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 28, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
HELEN VOUTSINAS, JJ.

2021-06652
 (Docket No. O-207-20)

[*1]In the Matter of Kerry-Ann Pieters, appellant,
v
Dusty Pieters, respondent.

Geanine Towers, Brooklyn, NY, for appellant.
Emily Olshansky, New York, NY, for respondent.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, the petitioner appeals from an order of the Family Court, Kings County (Erik S. Pitchal, J.), dated August 11, 2021. The order, after a hearing, in effect, denied the petition and dismissed the proceeding.
ORDERED that the order is affirmed, without costs or disbursements.
The parties are married and have three children together. The petitioner filed a family offense petition, alleging that the respondent had committed various family offenses. After a hearing, the Family Court determined, inter alia, that the petitioner failed to establish by a fair preponderance of the evidence that the respondent committed a family offense and, in effect, denied the petition and dismissed the proceeding. The petitioner appeals.
The petitioner in a family offense proceeding must establish the offense by a fair preponderance of the evidence (see Family Ct Act § 832; Matter of Marin v Banasco, 203 AD3d 924, 924-925). "The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court" (Matter of Marin v Banasco, 203 AD3d at 925 [internal quotation marks omitted]; see Matter of Lengiewicz v Lengiewicz, 167 AD3d 608, 608). "The Family Court's determination as to the credibility of witnesses is entitled to great weight and, if supported by the record, will not be disturbed on appeal" (Matter of Marin v Banasco, 203 AD3d at 925; see Matter of Livesey v Gulick, 194 AD3d 1045, 1047).
Here, the Family Court, which was presented with sharply conflicting accounts by the parties regarding the petitioner's allegations, determined that the respondent was credible and the petitioner was not credible, and thus, that the petitioner failed to establish by a preponderance of the evidence that the respondent committed a family offense (see Family Ct Act § 812[1]). The court's credibility determinations are supported by the record. Accordingly, there is no basis to disturb the court's determination, in effect, denying the petition and dismissing the proceeding (see Matter of Hirsch v Kairey, 194 AD3d 936, 937; Matter of Arias v Castellanos, 191 AD3d 976, 977; Matter of Johnson v Rivers, 165 AD3d 931, 932).
BARROS, J.P., MILLER, GENOVESI and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court