Matter of Karen P. v Alvin P. (2022 NY Slip Op 06808)

Matter of Karen P. v Alvin P.

2022 NY Slip Op 06808

Decided on November 30, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
HELEN VOUTSINAS, JJ.

2021-06357
2021-06394
 (Docket No. O-26839-19)

[*1]In the Matter of Karen P. (Anonymous), respondent,
v
Alvin P. (Anonymous), appellant.

Robert Marinelli, New York, NY, for appellant.
Lisa A. Manfro, Glen Cove, NY, for respondent.
Twyla Carter, New York, NY (Susan Clement of counsel), attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, the father appeals from (1) an order of protection of the Family Court, Kings County (Ben Darvil, Jr., J.), dated July 19, 2021, and (2) an order of fact-finding and disposition of the same court dated July 20, 2021. The order of protection, inter alia, directed the father to stay away from the mother and the subject child, except during certain supervised parental access, for a period of two years. The order of fact-finding and disposition, after a hearing, found that the father committed the family offense of harassment in the second degree and directed him to comply with the terms set forth in the order of protection.
ORDERED that the order of protection and the order of fact-finding and disposition are affirmed, without costs or disbursements.
The parties are married and have one child together. In September 2019, the mother filed a family offense petition against the father alleging that on September 21, 2019, during a dispute over finances, the father shoved her to the floor in front of the child and also shoved the child. The mother further alleged that, as a result of the father's acts, she sustained bruising to her elbow and lower back and that the child sustained back pain. On September 23, 2019, the Administration for Children's Services filed a neglect petition against the father based on the same incident. On consent of the parties, the Family Court held consolidated hearings on both petitions. Following the hearings, in an order of fact-finding and disposition entered in the family offense proceeding, the court determined that the father committed the family offense of harassment in the second degree and directed him to comply with the terms set forth in an order of protection issued against him and in favor of the mother and the child. The order of protection, inter alia, directed the father to stay away from the mother and the child, except during certain supervised parental access, for a period of two years. The father appeals from the order of fact-finding and disposition and the order of protection.
In an order of fact-finding and disposition entered in the neglect proceeding, the Family Court determined that the father neglected the child. In a related appeal, this Court has affirmed that order of fact-finding and disposition (see Matter of Sydelle P. [Alvin P.], ____ AD3d _____ [decided herewith]).
"In a family offense proceeding, the petitioner has the burden of establishing the offense by a fair preponderance of the evidence" (Matter of Livesey v Gulick, 194 AD3d 1045, 1047 [internal quotation marks omitted]; see Matter of Breier v Breier, 202 AD3d 1083, 1084; Matter of Shank v Miller, 148 AD3d 1160, 1160). "'The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court'" (Matter of Lengiewicz v Lengiewicz, 167 AD3d 608, 608, quoting Matter of Washington v Washington, 158 AD3d 717, 718; see Matter of Livesey v Gulick, 194 AD3d at 1047). "The Family Court's determination as to the credibility of witnesses is entitled to great weight and, if supported by the record, will not be disturbed on appeal" (Matter of Livesey v Gulick, 194 AD3d at 1047; see Matter of Vella v Dillman, 160 AD3d 883, 884).
Here, a fair preponderance of the evidence adduced at the hearing established that the father committed the family offense of harassment in the second degree (Penal Law § 240.26[1]; see Matter of Calin-Horvath v Horvath, 177 AD3d 876, 878). Where the hearing court is presented with sharply conflicting accounts regarding the subject events, and chooses to credit the testimony of certain witnesses over that of others, "its determination will not be disturbed unless clearly unsupported by the record" (Matter of Mohammed v Mohammed, 174 AD3d 615, 615-616). The Family Court's determination that the father committed the family offense of harassment in the second degree was based upon its assessment of the credibility of the parties and witnesses and is supported by the record (see Matter of Breier v Breier, 202 AD3d at 1084; Matter of Livesey v Gulick, 194 AD3d at 1047-1048).
Accordingly, the Family Court properly determined that the father committed the family offense of harassment in the second degree.
DILLON, J.P., CHRISTOPHER, GENOVESI and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court