Matter of Levy v Binette (2022 NY Slip Op 07071)

Matter of Levy v Binette

2022 NY Slip Op 07071

Decided on December 14, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 14, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
PAUL WOOTEN
HELEN VOUTSINAS, JJ.

2021-06499
 (Docket Nos. V-1945-09/17E, V-1947-09/17E, V-13227-10/17E, V-2282-10/17E)

[*1]In the Matter of Egbert N. Levy, respondent,
v
Myriam Binette, appellant.

Arza Rayches Feldman, Manhasset, NY, for appellant.
Gail Jacobs, Great Neck, NY, for respondent.
Marjorie G. Adler, Garden City, NY, attorney for the children.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Nassau County (Ellen R. Greenberg, J.), dated August 5, 2021. The order, after a hearing, granted the father's petition to modify an order of the same court (Merik R. Aaron, J.) dated August 16, 2012, made on the consent of the parties, so as to award him sole physical and legal custody of the subject children, with parental access to the mother.
ORDERED that the order dated August 5, 2021, is affirmed, without costs or disbursements.
The mother and the father have five children in common. Pursuant to an order dated August 16, 2012, made on consent of the parties, the mother and the father were awarded joint legal custody of the children, the mother was awarded sole physical custody, and the father was awarded certain parental access. In November 2017, the father commenced this proceeding to modify the order dated August 16, 2012, so as to award him sole physical and legal custody of the children. The parties' oldest child reached the age of majority while the father's petition was pending, and so much of his petition as sought sole physical and legal custody of that child was withdrawn. In an order dated August 5, 2021, the Family Court, after a hearing, granted the father's petition, awarded the father sole physical and legal custody of the four youngest children, and awarded the mother certain parental access. The mother appeals.
"In order to modify an existing custody or parental access arrangement, there must be a showing of a change of circumstances such that modification is required to protect the best interests of the child" (Matter of Felgueiras v Cabral, 204 AD3d 790, 791; see Matter of Schellinger v Dunn, 195 AD3d 1034, 1035). The court's paramount concern in any custody dispute is to determine, under the totality of the circumstances, what is in the best interests of the child (see Eschbach v Eschbach, 56 NY2d 167, 171; Matter of Olea v Diaz, 194 AD3d 721, 722). "Inasmuch as custody determinations depend to a great extent upon an assessment of the character and credibility of the parties and witnesses, deference is accorded to the hearing court's findings in this regard, and [t]he court's findings will not be disturbed unless they lack a sound and substantial basis [*2]in the record" (Matter of Tedesco v Mazzara, 206 AD3d 917, 919 [internal quotation marks omitted]; see Matter of Burke v Squires, 202 AD3d 784, 785).
Here, contrary to the mother's contention, the Family Court's determination to award the father sole physical and legal custody of the children has a sound and substantial basis in the record and will not be disturbed.
The mother's contention that the Family Court erred by failing to order a forensic evaluation is unpreserved for appellate review and, in any event, without merit as the record does not indicate that a forensic evaluation was necessary to enable the court to reach its determination (see Matter of Garrick v Simon, 197 AD3d 1316, 1316-1317; Matter of Quinones v Quinones, 139 AD3d 1072, 1074).
The mother's contentions concerning an order of filiation rendered by the Family Court in a separate proceeding are not properly before this Court (see CPLR 5515; Matter of Selena S. [Edward J.B.], 106 AD3d 1017, 1017; Matter of Brandon M. [Luis M.], 94 AD3d 520, 520).
IANNACCI, J.P., CHAMBERS, WOOTEN and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court