Matter of Trela v Ardito (2023 NY Slip Op 00874)

Matter of Trela v Ardito

2023 NY Slip Op 00874

Decided on February 15, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
WILLIAM G. FORD
LILLIAN WAN, JJ.

2022-00427
 (Docket No. O-16333-19)

[*1]In the Matter of Marta M. Trela, appellant,
v
Joseph Ardito, respondent.

Peter Wilner, Jamaica, NY, for appellant.
Joseph Ardito, Ozone Park, NY, respondent pro se.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, the petitioner appeals from an order of the Family Court, Queens County (Elizabeth L. Fassler, J.), dated January 5, 2022. The order, after a hearing, in effect, denied the petition and dismissed the proceeding.
ORDERED that the order is affirmed, without costs or disbursements.
The petitioner commenced this family offense proceeding against the respondent alleging, among other things, that during the course of their intimate relationship, which lasted several years, the respondent subjected the petitioner to physical and mental abuse. The petitioner further alleged that after this intimate relationship ended, the respondent engaged in behavior constituting harassment. After a hearing, the Family Court, in effect, denied the petition and dismissed the proceeding. The petitioner appeals.
A petitioner in a family offense proceeding has the burden of establishing the alleged offense by a fair preponderance of the evidence (see Family Ct Act § 832; Matter of Mansour v Mahgoub, 202 AD3d 961). The determination as to whether a family offense was committed is a factual issue to be resolved by the Family Court (see Matter of Marin v Banasco, 203 AD3d 924). The Family Court's determination regarding the credibility of witnesses is entitled to great weight on appeal and will not be disturbed unless clearly unsupported by the record (see Matter of Karen P. v Alvin P., 210 AD3d 1097).
Here, presented with conflicting accounts regarding the petitioner's allegations, the Family Court chose to credit the testimony of the respondent over the testimony of the petitioner, which credibility determinations are supported by the record (see Matter of Pieters v Pieters, 208 AD3d 1329). Accordingly, we find no basis to disturb the court's determination, in effect, denying the petition and dismissing the proceeding.
DUFFY, J.P., WOOTEN, FORD and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court