Matter of Safir v Safir (2023 NY Slip Op 01520)

Matter of Safir v Safir

2023 NY Slip Op 01520

Decided on March 22, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ANGELA G. IANNACCI
WILLIAM G. FORD
HELEN VOUTSINAS, JJ.

2021-07339
 (Docket No. O-386-21)

[*1]In the Matter of Michelle Safir, respondent,
v
Julian Safir, appellant.

Saltzman Chetkof & Rosenberg LLP, Garden City, NY (Lee Rosenberg and Neelam B. Bhagrath of counsel), for appellant.
Gassman Baiamonte Gruner, P.C., Garden City, NY (Stephen Gassman and Dari L. Last of counsel), for respondent.
Lisa Daniels, Lynbrook, NY, attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, the father appeals from an order of fact-finding and disposition of the Family Court, Nassau County (Lisa A. Cairo, J.), dated September 14, 2021. The order of fact-finding and disposition, after a hearing, found that the father committed the family offense of harassment in the second degree against the parties' daughter and directed the issuance of an order of protection in favor of the parties' daughter and against the father for a period of one year.
ORDERED that the order of fact-finding and disposition is affirmed, without costs or disbursements.
The parties, who are married to each other, are the parents of a daughter born in 2007 (hereinafter the child). In January 2021, the mother filed a family offense petition, alleging, inter alia, that the father committed various family offenses against the child and seeking an order of protection. In an order of fact-finding and disposition dated September 14, 2021, the Family Court, after a hearing, found that the father committed the family offense of harassment in the second degree against the child and directed the issuance of an order of protection in favor of the child and against the father for a period of one year. The father appeals.
"In a family offense proceeding, the petitioner has the burden of establishing the offense by a fair preponderance of the evidence" (Matter of Lederman v Lederman, 208 AD3d 483, 484 [internal quotation marks omitted]; see Family Ct Act § 832; Matter of Vien v Bala-Gbogbo, 193 AD3d 748, 748). "The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court" (Matter of Marin v Banasco, 203 AD3d 924, 925 [internal quotation marks omitted]; see Matter of Lederman v Lederman, 208 AD3d at 484). "The Family Court's determination as to the credibility of witnesses is entitled to great weight and, if supported by the record, will not be disturbed on appeal" (Matter of Livesey v Gulick, 194 AD3d 1045, 1047; see Matter of Marin v Banasco, 203 AD3d at 925).
Here, a fair preponderance of the evidence adduced at the hearing established that the father committed the family offense of harassment in the second degree against the child (see Penal Law § 240.26[1]; Family Ct Act § 812[1]; Matter of Yurewich v Read, 209 AD3d 747, 748). Where, as here, the Family Court was presented with sharply conflicting accounts regarding the subject events and chose to credit the testimony of one person over that of the other, "its determination will not be disturbed unless clearly unsupported by the record" (Matter of Livesey v Gulick, 194 AD3d at 1047 [internal quotation marks omitted]; see Matter of Mohammed v Mohammed, 174 AD3d 615, 615-616). The court's finding that the father committed the family offense of harassment in the second degree against the child was based upon its credibility assessments and is supported by the record (see Matter of Breier v Breier, 202 AD3d 1083, 1084; Matter of Livesey v Gulick, 194 AD3d at 1047-1048). Further, the father's intent to commit harassment in the second degree is properly inferred from his conduct and the surrounding circumstances (see Matter of Polizzi v McCrea, 129 AD3d 733, 734; Matter of Messana v Messana, 115 AD3d 860, 861; see also Matter of Nicole J. v Joshua J., 206 AD3d 1186, 1190).
The father's remaining contention is without merit.
Accordingly, there is no basis to disturb the order of fact-finding and disposition finding that the father committed the family offense of harassment in the second degree against the child and directing the issuance of an order of protection in favor of the child and against the father (see Matter of Breier v Breier, 202 AD3d at 1084).
BRATHWAITE NELSON, J.P., IANNACCI, FORD and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court