Matter of Joe T. v Danesha T. (2024 NY Slip Op 01887)

Matter of Joe T. v Danesha T.

2024 NY Slip Op 01887

Decided on April 04, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 04, 2024

Before: Renwick, P.J., Manzanet-Daniels, Kennedy, Mendez, Michael, JJ. 

Docket No. O-19694/18 Appeal No. 1966 Case No. 2022-03208 

[*1]In the Matter of Joe T., Petitioner-Respondent,
v
Danesha T., Respondent-Appellant.

Susan Barrie, New York, for appellant.
Law Office of Thomas R. Villecco, P.C., Jericho (Thomas R. Villecco of counsel), for respondent.
Law and Mediation Office of Helene Bernstein, PLLC, Brooklyn (Helene Bernstein of counsel), attorney for the child.

Order, Family Court, New York County (Gigi N. Parris, J.), entered on or about June 27, 2022, which, after a fact-finding hearing, held that respondent mother committed the family offenses of harassment in the second degree, menacing in the third degree, and disorderly conduct, and bringing up for review an order of protection, same court and Judge, entered May 13, 2022, issued on behalf of petitioner and the subject child, unanimously affirmed, without costs.
A fair preponderance of the evidence supports Family Court's finding that respondent committed the offenses of harassment in the second degree, menacing in the third degree, and disorderly conduct (see Family Ct Act § 832). Petitioner's testimony that, while at a public fast-food restaurant, respondent grabbed his hair and headbutted him, and swung a broomstick at him, which caused him to have to bend to protect the parties' child who was upset and crying, supports the determination that respondent committed harassment in the second degree and menacing in the third degree (Family Ct Act § 821 [1]; Penal Law §§ 120.15, 240.26 [1]; see Matter of William M. v Elba Q., 121 AD3d 489 [1st Dept 2014]). Her intent to harass, annoy or alarm petitioner can be inferred from her conduct and surrounding circumstances (Matter of Jason Jiyell J., 203 AD3d 460, 461 [1st Dept 2022]; Matter of Safir v Safir, 214 AD3d 888, 889 [2d Dept 2023]). The court properly rejected respondent's claim that she had a legitimate purpose for her conduct. These conclusions are supported by the record and are based on the court's credibility findings, which are entitled to great weight (Matter of Tatyana M. v Mark R., 205 AD3d 420, 421 [1st Dept 2022]).
In addition, petitioner testified that respondent, while an order of protection was in place for petitioner's benefit, came to his apartment at night, pounding on the apartment door and shouting obscenities and making threats against him and the child. This, together with respondent's prior acts, supports the determination that respondent committed the family offense of disorderly conduct (Penal Law § 240.20 [1], [3]; see Matter of Efrain T. v Erika R., 173 AD3d 491, 492 [1st Dept 2019]).
We find no basis for disturbing the court's determination crediting petitioner's version of events over respondent's version (see Marcela H-A. v Azouhouni, 132 AD3d 566, 566-567 [1st Dept 2015]; Lisa W. v John M., 132 AD3d 459, 460 [1st Dept 2015]).
We have considered respondent's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 4, 2024