Matter of Mendoza v Riera (2024 NY Slip Op 05448)

Matter of Mendoza v Riera

2024 NY Slip Op 05448

Decided on November 6, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 6, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOSEPH J. MALTESE, J.P.
LARA J. GENOVESI
LILLIAN WAN
DONNA-MARIE E. GOLIA, JJ.

2023-08140
 (Docket Nos. V-6998-19, V-10574-19)

[*1]In the Matter of Emmanuel Alexander Mendoza, appellant, 
v
Madelyn Riera, respondent. (Proceeding No. 1)
In the Matter of Madelyn Riera, respondent, 
v
Emmanuel Alexander Mendoza, appellant. (Proceeding No. 2)

Paul W. Matthews, Staten Island, NY, for appellant.
David Laniado, Cedarhurst, NY, for respondent.
Suzanne Niedzwiecki Lattime, Jamaica, NY, attorney for the child.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Queens County (Elizabeth L. Fassler, J.), dated July 27, 2023. The order, insofar as appealed from, after a hearing, granted the mother's petition for sole legal and residential custody of the parties' child and for permission to remain in Georgia with the child, denied the father's petition for sole legal and residential custody of the child, awarded certain parental access to the father, and directed the parties to equally share the costs of the child's travel to and from New York for the father's parental access and that if the mother fails to produce the child for parental access, she shall reimburse the father for twice the cost of the father's monetary outlay.
ORDERED that the order is modified, on the law, by deleting the provision thereof directing the parties to equally share the costs of the child's travel to and from New York for the father's parental access and that if the mother fails to produce the child for parental access, she shall reimburse the father for twice the cost of the father's monetary outlay; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Family Court, Queens County, for further proceedings consistent herewith.
The mother and the father, who were never married, are the parents of one child, born in Georgia in 2017. The child lived with both parents in New York from January 2018 until approximately April 2019, at which time the mother and the child relocated to Georgia. In April 2019, the father filed a petition for sole legal and residential custody of the child. In May 2019, the mother filed a petition for the same relief and for permission to remain in Georgia with the child.
After a hearing, the Family Court found that it was in the best interests of the child to award the mother sole legal and residential custody, with parental access to the father, and for the [*2]child to remain in Georgia with the mother. In an order dated July 27, 2023, the court, inter alia, granted the mother's petition for sole legal and residential custody of the child and for permission to remain in Georgia with the child, denied the father's petition for sole legal and residential custody of the child, and awarded certain parental access to the father in Georgia and in New York. The court directed the parties to equally share the costs of the child's travel to and from New York for the father's parental access, with the mother to reimburse the father for twice the cost of his monetary outlay should she fail to produce the child for parental access. The father appeals.
"The paramount concern in matters of custody and parental access is the best interests of the child under the totality of the circumstances" (Matter of Mazo v Volpert, 223 AD3d 907, 908-909 [internal quotation marks omitted]). "In determining the child's best interests, the court must consider, among other things, (1) which alternative will best promote stability; (2) the available home environments; (3) the past performance of each parent; (4) each parent's relative fitness, including his or her ability to guide the child, provide for the child's overall well[-]being, and foster the child's relationship with the noncustodial parent; and (5) the child's desires" (Matter of Upia-Parham v Parham, 222 AD3d 988, 988-989 [internal quotation marks omitted]; see Matter of Soto v Marrero, 214 AD3d 814, 815). "[T]he existence or absence of any one factor cannot be determinative on appellate review since the court is to consider the totality of the circumstances" (Eschbach v Eschbach, 56 NY2d 167, 174). "In reviewing [such] determinations, this Court's authority is as broad as that of the hearing court. However, since the Family Court's determination depends to a great extent upon its assessment of, among other things, the credibility of the witnesses, the court's determination should not be disturbed unless it lacks a sound and substantial basis in the record" (Matter of Kim v Becker, 223 AD3d 813, 815 [citation and internal quotation marks omitted]; see Matter of Donkor v Donkor, 198 AD3d 892, 893).
Here, the Family Court's determination that an award of sole legal and residential custody to the mother was in the child's best interests has a sound and substantial basis in the record. The record demonstrates, among other things, that the mother had always been the child's primary caregiver and that the father failed to appreciate the child's needs. Further, the evidence indicated that the mother made an effort to produce the child for parental access with the father in New York despite the challenges posed by the COVID-19 pandemic, the child's medical conditions, and the father's refusal to communicate.
Further, the Family Court's determination to permit the child to remain in Georgia with the mother has a sound and substantial basis in the record. "'Where, as here, a party seeks permission to relocate in the context of a petition seeking an initial custody determination, the strict application of the factors relevant to a relocation petition is not required'" (Matter of Hernandez v Viana, 213 AD3d 934, 935, quoting Matter of Lawrence v Mattry, 179 AD3d 687, 687-688; see Matter of Martinez v Driscoll, 209 AD3d 653, 654). "Rather, the relocation is but one factor among many for the Family Court to consider in determining what is in the best interests of the child" (Matter of Lawrence v Mattry, 179 AD3d at 688; see Matter of Martinez v Driscoll, 209 AD3d at 654).
Here, contrary to the father's contention, the Family Court's determination to permit the child to remain in Georgia with the mother has a sound and substantial basis in the record, based on the totality of the circumstances (see Eschbach v Eschbach, 56 NY2d at 171; Matter of Martinez v Driscoll, 209 AD3d at 654). Among other things, the evidence established that the mother was the child's primary caretaker and that she was responsible for the child's therapeutic and educational needs. Morever, the mother established that the child's emotional and economic circumstances would be enhanced by the remaining in Georgia.
Further, the Family Court providently exercised its discretion in crafting the parental access schedule, which is supported by a sound and substantial basis in the record (see Matter of Lyons v Sepe, 163 AD3d 567). However, the court should not have directed the parties to equally share the costs of the child's travel to and from New York for the father's parental access and the mother to reimburse the father for twice the cost of the father's monetary outlay if she failed to produce the child for parental access without evaluating the parties' "economic realities," including [*3]the parties' respective ability to pay and the actual cost of each visit (Matter of Gray v Tyson, 205 AD3d 720, 722 [internal quotation marks omitted]; see Matter of Michael R. v Aliesha H., 155 AD3d 1042, 1044). Accordingly, we remit the matter to the Family Court, Queens County, for a hearing to resolve those issues and a new determination thereafter regarding the parties' respective shares of the costs of the child's travel for the father's parental access (see Matter of Gray v Tyson, 205 AD3d at 723; Matter of Michael R. v Aliesha H., 155 AD3d at 1044).
MALTESE, J.P., GENOVESI, WAN and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court