Matter of Preston v Hormadaly (2026 NY Slip Op 00900)

Matter of Preston v Hormadaly

2026 NY Slip Op 00900

Decided on February 18, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 18, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
VALERIE BRATHWAITE NELSON
BARRY E. WARHIT
ELENA GOLDBERG VELAZQUEZ, JJ.

2025-00712
2025-00731
 (Docket Nos. O-8690-20, O-17434-22, V-9104-15/22H, V-9104-15/22I)

[*1]In the Matter of Lisa Meredith Preston, respondent, 
vYonathan Hormadaly, appellant.

Peter C. Lomtevas, Esq., P.C., Schenectady, NY, for appellant.
Law Offices of Steven D. Kommor, P.C., Melville, NY, for respondent.
Larry S. Bachner, New York, NY, attorney for the child.

DECISION & ORDER
In related proceedings pursuant to Family Court Act articles 6 and 8, the father appeals from (1) an order of the Family Court, Queens County (Tamra Walker, J.), dated December 3, 2024, and (2) an order of protection of the same court dated December 4, 2024. The order, insofar as appealed from, after a hearing, granted the mother's petition to modify a prior order of the same court (Diane Costanzo, J.) dated February 22, 2017, so as to limit the father's parental access with the subject child to supervised parental access, found that the father committed the family offense of harassment in the second degree against the mother and the child, and, upon granting the mother's motion to dismiss the father's petition to modify the order dated February 22, 2017, so as to expand his parental access with the child and the father's petitions to hold the mother in civil contempt for violating the order dated February 22, 2017, for failure to establish a prima facie case, dismissed the father's petitions. The order of protection, upon so much of the order dated December 3, 2024, as found that the father committed the family offense of harassment in the second degree against the mother and the child, inter alia, directed the father to refrain from certain conduct with respect to the mother until and including December 4, 2029.
ORDERED that the appeal from so much of the order dated December 3, 2024, as found that the father committed the family offense of harassment in the second degree against the mother and the child is dismissed, without costs or disbursements, on the ground that no appeal lies as of right from a nondispositional order in a proceeding pursuant to Family Court Act article 8 (Family Ct Act § 1112); and it is further,
ORDERED that the order dated December 3, 2024, is affirmed insofar as reviewed, without costs or disbursements; and it is further,
ORDERED that the order of protection is affirmed, without costs or disbursements.
The parties are the parents of one child, born in 2014. In an order dated February 22, 2017 (hereinafter the custody order), the Family Court awarded the mother sole legal and residential [*2]custody of the child and granted the father certain parental access. In October 2019, the father filed petitions to hold the mother in civil contempt for violating the custody order, and to modify the custody order so as to expand his parental access with the child. In February 2020, the father filed another petition to hold the mother in civil contempt for further violations of the custody order.
In November 2020, the mother filed a petition alleging that the father had committed various family offenses against her and the child, including harassment in the second degree. Thereafter, in August 2021, the mother moved, inter alia, to modify the custody order so as to limit the father's parental access with the child to supervised parental access. In November 2022, the mother filed a petition alleging that the father had committed various family offenses against the child.
In an order dated December 3, 2024, after a hearing, the Family Court, among other things, granted the mother's petition to modify the custody order so as to limit the father's parental access with the child to supervised parental access, found that the father committed the family offense of harassment in the second degree against the mother and the child, and, upon granting the mother's motion to dismiss the father's petitions to hold the mother in civil contempt for violating the custody order and to modify the custody order so as to expand his parental access for failure to establish a prima facie case, dismissed the father's petitions. On December 4, 2024, the court issued an order of protection, inter alia, directing the father to refrain from certain conduct with respect to the mother until and including December 4, 2029. The father appeals.
"In order to modify an existing custody or parental access arrangement, there must be a showing of a change of circumstances such that modification is required to protect the best interests of the child" (Matter of Felgueiras v Cabral, 204 AD3d 790, 791; see Matter of Levy v Binette, 211 AD3d 840, 841). "Supervised parental access is appropriately required only where it is established that unsupervised parental access would be detrimental to the child" (Matter of Masri v Masri, 171 AD3d 1183, 1185; see Matter of Gray v Tyson, 205 AD3d 720, 722). "The determination of whether parental access should be supervised is a matter within the sound discretion of the hearing court, and its findings will not be disturbed on appeal unless they lack a sound and substantial basis in the record" (Matter of Masri v Masri, 171 AD3d at 1185; see Matter of Gray v Tyson, 205 AD3d at 722).
Here, contrary to the father's contention, the Family Court's determination that there had been a change in circumstances since the custody order and that it was in the best interests of the child to limit the father's parental access to supervised parental access is supported by a sound and substantial basis in the record and, thus, will not be disturbed (see Matter of Vicente v Diaz, 241 AD3d 1571, 1572; Matter of Gray v Tyson, 205 AD3d at 722).
"In a family offense proceeding, the petitioner has the burden of establishing the offense by a fair preponderance of the evidence" (Matter of Davis v Wright, 140 AD3d 753, 754; see Matter of Cook v Berehowsky, 211 AD3d 727, 728). "Whether a family offense was committed is a factual issue to be resolved by the Family Court, and that court's determination of credibility issues is entitled to great weight on appeal and should not be disturbed unless clearly unsupported by the record" (Matter of Davis v Wright, 140 AD3d at 754).
Here, a fair preponderance of the evidence adduced at the hearing established that the father committed the family offense of harassment in the second degree against the mother and the child (see Matter of Roman v Deceus, 239 AD3d 751, 752; Matter of Inez A. v David A., 222 AD3d 547). The Family Court's finding that the father committed the family offense of harassment in the second degree was based upon its credibility assessments and is supported by the record (see Matter of Safir v Safir, 214 AD3d 888, 889; Matter of Livesey v Gulick, 194 AD3d 1045, 1047). Further, the father's intent to commit harassment in the second degree is properly inferred from his conduct and the surrounding circumstances (see Matter of Safir v Safir, 214 AD3d at 889).
The father's remaining contentions are without merit.
BARROS, J.P., BRATHWAITE NELSON, WARHIT and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court