Matter of Krausz v Englander

2026 NY Slip Op 02407

April 22, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Devorah Krausz, etc., respondent,

v

Mirel Frankel Englander, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 22, 2026

2025-00625, (Docket No. O-9518-24)

Colleen D. Duffy, J.P.

Linda Christopher

Carl J. Landicino

Susan Quirk, JJ.

Larry Bachner, New York, NY, for appellant.

[*1]

DECISION & ORDER

In a proceeding pursuant to Family Court Act article 8, the appeal is from an order of protection of the Family Court, Kings County (Sharon N. Clarke, J.), dated December 16, 2024. The order of protection, upon a finding, in effect, that the appellant committed the family offenses of harassment in the second degree and stalking in the fourth degree, made after a fact-finding hearing, directed her, inter alia, to stay away from the subject child until December 15, 2026, except pursuant to a court order of visitation.

ORDERED that the order of protection is affirmed, without costs or disbursements.

In 2024, the petitioner commenced this proceeding pursuant to Family Court Act article 8, against the appellant, on behalf of her adopted child. The appellant, who is the child's biological mother, surrendered her parental rights to the child in 2016 and agreed to the adoption.

After a fact-finding hearing, the Family Court found, in effect, that the appellant committed the family offenses of harassment in the second degree and stalking in the fourth degree. The court then issued an order of protection in which it directed the appellant, inter alia, to stay away from the child, except pursuant to a court order of visitation. This appeal ensued.

The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court, upon a determination that the allegations were supported by a fair preponderance of the evidence; that court's determination regarding the credibility of witnesses is entitled to great weight on appeal and will not be disturbed if supported by the record (see Matter of Jeudy v Duroc, 237 AD3d 708, 708-709; Matter of Renz v Little, 137 AD3d 920, 921).

Here, a fair preponderance of the evidence adduced at the hearing established that the appellant committed the family offenses of harassment in the second degree (see Penal Law § 240.26[2]; Family Ct Act § 812[1]; Matter of Preston v Hormadaly, ___ AD3d ___, 2026 NY Slip Op 00900) and stalking in the fourth degree (see Penal Law § 120.45[2]; Matter of Golian v Golyan, 242 AD3d 745, 746-747).

The appellant's remaining contentions are either unpreserved for appellate review or without merit.

DUFFY, J.P., CHRISTOPHER, LANDICINO and QUIRK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court