■ In the Matter of KIRSTEN G., Appellant, v MELVIN G., SR., Respondent. [39 NYS3d 460]—

Order, Family Court, Bronx County (Tracey A. Bing, J.), entered on or about September 11, 2015, which, after a fact-finding hearing in a proceeding brought pursuant to article 8 of the Family Court Act, dismissed the petition seeking an order of protection against respondent for failure to establish a prima facie case, unanimously affirmed, without costs.

Viewing petitioner's testimony in a light most favorable to her, and accepting that testimony as true, we conclude that the testimony failed to establish a prima facie case that respondent's actions constituted the family offenses of harassment in the second degree, disorderly conduct or menacing in the third degree.

Petitioner testified that respondent never touched her during the September 23, 2014 incident. Although petitioner did testify that after the police made respondent leave the premises, he called her on her cell phone and told her that she "would be sorry, because [she] was trying to come between him and his child," his statement cannot be penalized because it is not a genuine threat of physical harm nor does it present "a clear and present danger of some serious substantive evil" (*People v Dietze*, 75 NY2d 47, 51 [1989]; *see e.g. McGuffog v Ginsberg*, 266 AD2d 136 [1st Dept 1999]). Moreover, petitioner never established that respondent had engaged in a course of conduct intended to annoy or alarm her, and her testimony regarding a 2002 incident was adjudicated in a prior proceeding (*see Matter of Esther H. v Eddie H.*, 78 AD3d 526 [1st Dept 2010]).

In addition, we find that petitioner's testimony does not establish a prima facie case that respondent's conduct during the September 23, 2014 incident constituted disorderly conduct, because there was no evidence that he intended to cause public inconvenience, annoyance or alarm, or recklessly created a risk thereof, by "ranting and raging" outside her apartment door, as she presented no evidence regarding the proximity of her neighbors or other members of the public, or that this conduct otherwise could have caused public inconvenience, annoyance, or alarm (*see* Penal Law § 240.20; *Matter of Shiffman v Handler*, 115 AD3d 753 [2d Dept 2014]; *Matter of Janice M. v Terrance J.*, 96 AD3d 482 [1st Dept 2012]).

Lastly, the Family Court properly found that petitioner failed to establish a prima facie case that respondent's conduct during the September 23, 2014 incident constituted the family offense of menacing in the third degree because she presented no evidence that he intentionally placed, or attempted to place her in fear of "death, imminent serious physical injury or physical injury" (Penal Law § 120.15; *see People v Peterkin*, 245 AD2d 1050 [4th Dept 1997], *lv denied* 91 NY2d 1011 [1998]). Concur—Acosta, J.P., Renwick, Saxe, Feinman and Kahn, JJ.