Matter of Anthony B. v Judy M. (2018 NY Slip Op 08543)





Matter of Anthony B. v Judy M.


2018 NY Slip Op 08543


Decided on December 13, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 13, 2018

Friedman, J.P., Gische, Kapnick, Kahn, Kern, JJ.


7860 7859

[*1] In re Anthony B., Petitioner-Appellant,
v
Judy M., Respondent-Respondent.
Judy M., Petitioner-Appellant,
v
Anthony B., Respondent-Respondent.


Andrew J. Baer, New York, for Anthony B., appellant/respondent.
Geoffrey P. Berman, Larchmont, for Judy M., respondent/appellant.



Order of fact-finding and disposition (one paper), Family Court, New York County (Carol Goldstein, J.), entered on or about November 8, 2017, which determined after a hearing that Judy M. committed the family offense of harassment in the second degree and suspended the judgment against Judy M., unanimously affirmed, without costs. Order, same court and Judge, entered on or about November 8, 2017, which, after a hearing, dismissed Judy M.'s petition seeking an order of protection against Anthony B. for failure to establish a prima facie case, unanimously affirmed, without costs.
Anthony B. established by a fair preponderance of the evidence that Judy M.'s actions constituted the family offense of harassment in the second degree (see Family Ct Act § 832; Penal Law § 240.26[3]) because her actions served no legitimate purpose and established a course of conduct that was taken with the intent of seriously annoying or alarming him (see Matter of Kritzia B. v Onasis P., 113 AD3d 529, 529 [1st Dept 2014]).
Anthony B.'s appeal lacks merit, because Family Court appropriately exercised its discretion in ordering a suspended sentence, which is permitted under FCA § 841.
The Family Court properly dismissed Judy M.'s petition for failure to establish a prima facie case that Anthony B.'s actions constituted the family offense of harassment in the second degree because her testimony failed to establish that he engaged in a course of conduct that was intended to harass, annoy or alarm her, that she was alarmed or seriously annoyed by his conduct, and that his conduct served no legitimate purpose (Penal Law § 240.26[3]; Matter of Kirsten G. v Melvin G., 143 AD3d 614 [1st Dept 2016]). Contrary to Judy M.'s contention, her testimony
did not establish a prima facie case that his actions constituted disorderly conduct, stalking or any other family offense.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 13, 2018
CLERK