Matter of Alexandra U. v Shalva S. (2023 NY Slip Op 01248)

Matter of Alexandra U. v Shalva S.

2023 NY Slip Op 01248

Decided on March 09, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 09, 2023

Before: Webber, J.P., Kern, Oing, Friedman, González, JJ. 

Docket No. O-12742/19 Appeal No. 17467 Case No. 2022-02907 

[*1]In the Matter of Alexandra U., Petitioner-Appellant,
v
Shalva S., Respondent-Respondent.

Steven N. Feinman, White Plains, for appellant.
Law Office of Thomas R. Villecco, P.C., Jericho (Thomas R. Villecco of counsel), for respondent.

Order, Family Court, New York County (Jessica Brenes, Referee), entered on or about June 30, 2022, which, to the extent appealed from as limited by the briefs, after a fact-finding hearing, dismissed with prejudice the petition seeking an order of protection against respondent Shalva S. for failure to establish that he committed the family offenses of disorderly conduct and menacing in the third degree, unanimously affirmed, without costs.
Family Court properly dismissed the petition. First, the court properly determined that petitioner failed to prove by a fair preponderance of the evidence that respondent's actions during the October 19, 2019 incident constituted disorderly conduct (see Family Ct Act § 832). No evidence was presented as to how respondent intended to cause or recklessly created a risk of causing, public inconvenience, annoyance, or alarm given that the altercation occurred in her private residence (see Penal Law §§ 240.00[1]; 240.20; Matter of Linda H. v Ahmed S., 188 AD3d 597, 599 [1st Dept 2020]; Matter of Kirsten G. v Melvin G., 143 AD3d 614, 614 [1st Dept 2016]).
Next, the court properly determined that petitioner failed to prove by a fair preponderance of the evidence that respondent's actions during the October 19, 2019 incident constituted the family offense of menacing in the third degree (see Family Ct Act § 832; Penal Law § 120.15). Petitioner's testimony that she became scared after respondent became aggravated, raised his fist at her, and told her that he was not leaving her apartment, causing her to summon the police, did not demonstrate that respondent's words and actions placed or attempted to place her in fear of death, imminent serious physical injury or physical injury (see Matter of Marin v Banasco, 203 AD3d 924, 924-925 [2d Dept 2022]; Matter of Kalyan v Trasybule, 189 AD3d 1046, 1048 [2d Dept 2020]; Matter of Kirsten G. v Melvin G., 143 at 614). Petitioner never testified that respondent's actions during that incident caused her to fear death, imminent serious physical injury or physical injury (see Matter of Ashley C., 59 AD3d 715, 715-716 [2d Dept 2009]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 9, 2023