Matter of I.M. v I.M. (2025 NY Slip Op 06650)

Matter of I.M. v I.M.

2025 NY Slip Op 06650

Decided on December 02, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 02, 2025

Before: Manzanet-Daniels, J.P., Moulton, Gesmer, Rosado, Hagler, JJ. 

Docket No. O-05622/21 O-5622-21/22A|Appeal No. 5240|Case No. 2025-00360|

[*1]In the Matter of I.M., Jr., Petitioner-Appellant,
v
I.M., Sr., Respondent-Respondent. 

Andrew J. Baer, New York, for appellant.
Leslie S. Lowenstein, Woodmere, for respondent.

Order, Family Court, New York County (Jessica M. Forman, Ref.), entered on or about January 6, 2025, which, to the extent appealed from as limited by the briefs, after a fact-finding hearing in a proceeding brought pursuant to article 8 of the Family Court Act, dismissed the family offense petition, and vacated all orders of protection ordered pursuant to that family offense petition, unanimously affirmed, without costs.
Family Court properly dismissed the petition for its failure to establish by a preponderance of the evidence that respondent's actions constituted the family offense of harassment in the second degree (see Family Court Act § 832; Matter of Kirsten G. v Melvin G., 143 AD3d 614, 614 [1st Dept 2016]). Even viewing petitioner's testimony in the light most favorable to him and accepting the testimony as true, he failed to establish by a preponderance of evidence that respondent, who is petitioner's father, engaged in a course of conduct that was intended to harass, annoy, or alarm petitioner, or that respondent's conduct served no legitimate purpose (Penal Law § 240.26[3]; see Matter of Anthony B. v Judy M., 167 AD3d 476 [1st Dept 2018]).
Petitioner's testimony that respondent, with whom petitioner was living, intercepted his mail between November 2021 and March 2022 was not sufficient, without more, to establish that respondent had engaged in the requisite course of conduct to warrant a finding of harassment in the second degree. Furthermore, because the parties have the same first name and surname, and the mail that respondent is alleged to have improperly opened did not specify whether it was addressed to "Jr." or "Sr." petitioner did not establish that respondent did not have a legitimate purpose for opening the mail.
Similarly, although petitioner testified that respondent posted a notice asking petitioner to vacate respondent's apartment on November 8, 2021, and that he later posted two more notices telling petitioner that the utilities were going to be shut off, none of the evidence suggests that respondent had no legitimate purpose for communicating that information.
Petitioner also failed to establish that respondent did not summon the police to the apartment for the legitimate purpose of trying to recover his missing property, nor did his testimony demonstrate that respondent's action of calling the police established the requisite course of conduct to prove harassment in the second degree (Penal Law § 240.26[3]).
Finally, petitioner's testimony that respondent was playing loud music, turning the television up to a loud volume, banging the wall, and taking the metal burners off the stove so that petitioner could not cook, does not, without more, rise to the level of
harassment in the second degree (compare Matter of Reyes v Reyes, 168 AD3d 855, 856 [2d Dept 2019]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 2, 2025